VIRGINIA RUIZ CARRANZA (ZURI), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15758. Promulgated August 31, 1948.

*Theodore Witkin, C. P. A.*, for the petitioner.
*Sheldon V. Ekman, Esq.*, for the respondent.

OPINION.

BLACK, *Judge*: The Commissioner has determined a deficiency of $340.12 in petitioner's income tax for the year 1944. The deficiency is due to the disallowance by the Commissioner of $1,360.50 claimed as a deduction by petitioner for meals and lodging on her income tax return for 1944. The Commissioner explained his action in the deficiency notice as follows: "(a) It is held that the deduction claimed for traveling expense is not allowable under the provisions of section 23 (a) of the Internal Revenue Code." Petitioner contests this action of the Commissioner by an appropriate assignment of error.

The facts have been stipulated and may be summarized as follows:

The petitioner is Virginia Ruiz Carranza (Zuri), whose mailing address is care of Theodore Witkin, 10 East 40th Street, New York 16, New York. The return for the taxable year involved, 1944, was filed with the collector of internal revenue for the third district of New

York. The petitioner at all times during the taxable period involved was a citizen of Mexico and a nonresident alien as regards the United States.

The petitioner, during 1944, was engaged in a trade or business in the United States, being employed by Loew's, Inc., in New York City. During the course of employment by Loew's, Inc., in the United States she incurred and paid $1,360.50 for meals and lodging in the United States, and during the same period she maintained a residence in Mexico. All services rendered by her to Loew's, Inc., were rendered in New York, and the aforesaid expenses of $1,360.50 for meals and lodging were incurred and paid in New York.

The Commissioner of Internal Revenue ruled that the petitioner was a nonresident alien, subject to a withholding tax at the rate of 30 per cent.

We have only one issue to decide in this proceeding, and that is stated in petitioner's brief as follows: "Does the sum of $1,360.50 expended by the petitioner for meals and lodging in the United States during the calendar year 1944 constitute a business expense under section 23 (a) of the Internal Revenue Code?"[1]

The petitioner argues in her brief that the Tax Court has held, following the Supreme Court's decision in *Commissioner* v. *Flowers*, 326 U. S. 465, that three conditions must be satisfied before a traveling expense deduction may be made under section 23 (a) (1) (A) of the code, and that they are:

(1) The expense must be a reasonable and necessary traveling expense.
(2) The expense must be incurred while away from home.
(3) The expense must be incurred in pursuit of business.

Petitioner then argues that, under the facts which have been stipulated, all three of the above conditions are met.

We do not agree with petitioner. It seems clear that, under the doctrine of the *Flowers* case, (3) above is not met by the facts which have been stipulated. In the *Flowers* case the Supreme Court said:

The added costs in issue, moreover, were as unnecessary and inappropriate to the development of the railroad's business as were his personal and living costs in Jackson. They were incurred solely as the result of the taxpayer's desire to maintain a home in Jackson while working in Mobile, a factor irrelevant to the maintenance and prosecution of the railroad's legal business. The railroad did not require him to travel on business from Jackson to Mobile or to maintain

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deduction :
(a) EXPENSES.—
(1) TRADE OR BUSINESS EXPENSES.—
(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered ; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business ; * * *

living quarters in both cities. Nor did it compel him, save in one instance, to perform tasks for it in Jackson. It simply asked him to be at his principal post in Mobile as business demanded and as his personal convenience was served, allowing him to divide his business time between Mobile and Jackson as he saw fit. Except for the federal court litigation, all of the taxpayer's work in Jackson would normally have been performed in the headquarters at Mobile. The fact that he traveled frequently between the two cities and incurred extra living expenses in Mobile, while doing much of his work in Jackson, was occasioned solely by his personal propensities. The railroad gained nothing from this arrangement except the personal satisfaction of the taxpayer.

See *John D. Johnson*, 8 T. C. 303, which followed the *Flowers* case. In the instant case, the petitioner was concededly a nonresident alien during the year which we have before us, though actually physically present here in the United States and working here during the time in question. Does the fact that petitioner was a nonresident alien make any difference in the application of the rule announced by the Supreme Court in the *Flowers* case? We think not.

Turning again to the three conditions imposed by the Supreme Court in the *Flowers* case, we find that, whether petitioner was a citizen, a resident alien, or a nonresident alien, she fails to meet the third requirement, i. e., that the expenditures be necessary to her employer's business, and her nonresident alien status is of no materiality. Certainly, if the *Flowers* case is applicable to citizens of the United States, there is no requirement either in the statute or in the decided cases that a nonresident alien employed in the United States be granted a more liberal treatment with regard to the deductibility of personal expenses. Deductions are a matter of legislative grace, and the taxpayer must bring himself clearly within some particular statutory provision to be entitled thereto. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435, 440; *White* v. *United States*, 305 U. S. 281, 292.

Petitioner came to New York in order to accept employment there. During 1944 her only place of business was in New York, all her services were performed in New York, and her personal expenses for meals and lodging were incurred in New York. If she maintained a residence in Mexico, she did so for her own personal convenience and in compliance with her own desire, and her employer reaped no benefit therefrom. In *S. M. R. O'Hara*, 6 T. C. 841, we said:

We have long held that section 23 (a) (1), *supra*, may not be availed of to secure a deduction from gross income for "traveling expenses" paid or incurred by a taxpayer while at his principal place of business, post of duty, or principal place of employment. (Citing authorities).

Under the facts which have been stipulated and under what we believe to be the applicable authorities, we decide against petitioner on this issue.

*Decision will be entered for the respondent.*