Benjamin Miggins v. Commissioner.
Miggins v. Commissioner
Docket No. 16664.
United States Tax Court
1949 Tax Ct. Memo LEXIS 275; 8 T.C.M. (CCH) 82; T.C.M. (RIA) 49016; January 31, 1949
Samuel Sklar, Esq., for the petitioner. Sheldon V. Ekman, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion By this proceeding, petitioner challenges respondent's determination of a deficiency in income tax for the calendar year 1943 in the amount of $2,789.96. By virtue of the provisions of the Current Tax Payment Act of 1943, the year 1942 is also involved. The issue presented is whether petitioner is entitled to deductions claimed as entertainment and traveling expenses in the sums of $10,400 for 1942 and $5,200 for 1943. In determining the deficiency, respondent allowed such expenses in the amount of $2,500 for 1942, and only the difference between that amount and $10,400 is in issue as to 1942. Respondent allowed nothing therefor for 1943. Findings of Fact Petitioner is an individual *276 residing in New York, New York. His tax returns for the years involved were filed with one of the collectors' offices in New York City. Commencing in 1913, petitioner became associated with the motion picture industry. He steadily advanced in the industry, and, in 1936, was appointed Continental European Manager of Twentieth Century-Fox Film Corporation, with his business headquarters and residence in Paris, France. He served in that capacity until July 1, 1940, when, as a result of the war then raging in Europe, his employer ordered him to return to New York. He remained in the company's New York offices until 1941, when he made a trip to California in search of other employment, as he was not fully satisfied with his situation in the New York office. Upon the entry of this country into the war, petitioner and his employer realized that the possibility of petitioner's resumption of his overseas activities in the immediate future was remote, although both he and his employer intended that he return to Paris at the end of the war, and petitioner retained his apartment in Paris during the years before us. Early in 1942 petitioner went to Los Angeles, California, again, this time *277 to work on the staff of Darryl Zanuck. He was so employed until July 1, 1942. His hotel and other living expenses while so employed in California are included in the deductions claimed by petitioner as business expenses for 1942. While working in California, petitioner incurred substantial entertainment expenses, for which he received no reimbursement from his employer. He estimated that his traveling and entertainment expenses in connection with this Los Angeles employment were about $5,000. His rent during that period he estimated to be about $2,025. He received no reimbursement for any of these expenditures from his employer. However, when it became necessary for him to travel on company business, he was fully reimbursed by it for expenses so incurred. Thereafter, sometime in July or August, 1942, petitioner left California and became a civilian adviser in the War Department in Washington, D.C., devoting his full time to that work. He served without remuneration in that capacity until October, when he became a Civil Service employee in the Army Pictorial Division, to which Zanuck was assigned as an Army officer. On November 8, 1942, he was commissioned a captain and later *278 a major in the United States Army, and remained on active duty until sometime in 1944. He continued to be connected with the Army Pictorial Division and devoted some of his time to recruiting experienced technical personnel for that work. From July to December, 1942, petitioner estimated that he spent about $100 weekly for the purposes of entertainment of friends and associates whom he had met during his long career in the motion picture industry. His principal reason for making these expenditures and similar ones in 1943 was to maintain his relationship with people in the industry and create "good will" with a view towards his future employment in the industry upon the termination of his service in the United States Army. An indeterminate part of this sum was for the entertainment of persons whom he sought to interest in joining the Army Pictorial Division. This was done with the knowledge, and many times in the company of his commanding officer. He incurred and paid rental charges during the latter half of 1942 in the total sum of $2,520. These included, to some extent, expenses for services such as laundry and the like while in Washington on this assignment and in New York *279 on behalf of his wife, who remained there for a period. Petitioner has sought to include an indeterminate part of these expenditures in his claimed business deductions of $10,400 for 1942. During all of 1943 petitioner was an officer in the Armed Services, stationed in Washington. He incurred expenses for rent of a Washington apartment in the amount of $3,080. As in 1942, he continued to entertain extensively, estimating his expenditures therefor to be about $100 weekly, a portion of which, as in 1942, being for the entertainment of skilled technicians, whom he sought to interest in the Army's motion picture activities. Twentieth Century-Fox paid petitioner his full salary through 1942; in 1943 they paid him one-half of his previous salary. But the company did not expect petitioner to render any services for the salary he received while he was in the Army, and petitioner rendered none. Petitioner maintained no records of his expenditures for traveling and entertainment, and the amounts suggested by him as having been expended for these purposes were estimates. Petitioner's expenditures for rent in 1942 and 1943 were personal expenses. Opinion KERN, Judge: Petitioner seeks *280 to support the claimed deductions upon two grounds: (1) that the entertainment expenses were ordinary and necessary business expenses in his effort to maintain his position and prestige in the motion picture industry, to which he looked forward to returning upon his release from the Army; and (2) that inasmuch as he continued to maintain an apartment in Paris, which he considered his home, traveling expenses, including the large rental items in 1942 and 1943, incurred while away from Paris, are deductible. See Internal Revenue Code, section 23 (a) (1). We believe that no part of the claimed deductions in question is properly allowable, and that there is no merit to the two points petitioner urges as grounds for their allowability. One of the conditions that must be satisfied before a claimed expense can be deducted is that it "must be incurred in the pursuit of business. This means that there must be a direct connection between the expenditures and the carrying on of the trade or business of the taxpayer or his employer." Commissioner v. Flowers, 326 U.S. 465, 470. It should be observed that respondent has allowed $2,500 as a deduction for business *281 expenses to cover the first six months of 1942, when petitioner was working in the moving picture industry. That, we believe, is an adequate amount for expenditures for that purpose during that time; and petitioner has not established that any greater amount should be allowed. In order for petitioner to prevail on the first point he urges, he must carry the burden of proving that the expenditures have a direct relation to the business being conducted and what business benefits are reasonably to be expected from the expenditures. Cf. Louis Boehm, 35 B.T.A. 1106. During the period we are considering, the last half year of 1942 and the year 1943, petitioner's "business" was unrelated to the private motion picture industry. To the extent that the expenditures for entertainment by petitioner were related to this previous or desired future employment, and the bulk of the expenditures were for such purposes, they clearly are not deductible, for during one-half of 1942 and all of 1943 he was not engaged in that "business." George C. Westervelt, 8 T.C. 1248; cf. Robert S. Seese, 7 T.C. 925. And, in fact, petitioner had undertaken a new "trade or business" *282 by joining the United States Army. His "business" was then that of an employee and later an officer of the Army. These expenditures, looking primarily to his future peacetime employment, do not even attain the dignity of the expenditures of the taxpayer in McDonald v. Commissioner, 323 U.S. 57, where expenses incident to reelection to a judicial office were disallowed as not being trade or business expenses. It was there observed that section 23 of the Code confines "deductible expenses solely to outlays in the efforts or services * * * from which income flows." It has been here established that after petitioner became associated with the Army, the motion picture studio for which he had previously worked, although continuing his salary, did not expect of him any outlays of efforts or services on its behalf. Perhaps the best explanation as to the reason and purpose of these expenditures comes from petitioner himself. He considered that they were for the retention and creation of "good will." Expenditures made for such purpose, particularly under the facts of this case, are clearly not deductible. Cf. Reginald Denny, 33 B.T.A. 738; 4 Mertens, Law of Federal *283 Income Taxation, 367. We conclude that no deduction for entertainment expenses, in addition to the amount conceded by respondent, is allowable. Even if we assume that petitioner retained his domicile in Paris, France, we fail to see how that can assist him in his claim for deduction of the living expenses, primarily rent, in the cities of his employment, and the fares for travel to those cities to undertake such employment. Commissioner v. Flowers, supra, and Mort L. Bixler, 5 B.T.A. 1181. The cases are legion denying deductions for living expenses incurred at one's post of duty in a city away from his permanent residence, where one's employment or services, as here, are of an "indefinite or indeterminate duration * * * [and] not * * * temporary * * *." John D. Johnson, 8 T.C. 303, 308. See, e.g., Ney v. United States, (USCA-8), 171 Fed. (2d) 449, 1948; Virginia Ruiz Carranza (Zuri), 11 T.C. 224; William W. Todd, 10 T.C. 655. Petitioner has not and, we believe, can not distinguish these cases; [1] and the impact of their rule is grounds for our refusal to allow any amount as deduction for traveling *284 expenses in the years before us. Decision will be entered under Rule 50. Footnotes
1. Petitioner relies upon Wallace v. Commissioner, (CCA-9), 144 Fed. (2d) 407, and Coburn v. Commissioner, (CCA-2), 138 Fed. (2d) 763. These cases are distinguishable. In each it was found that employment in a city elsewhere from the taxpayer's "home" was "temporary." Barnhill v. Commissioner, (CCA-4), 148 Fed. (2d) 913. Cf. S.M.R. O'Hara, 6 T.C. 841↩.