Walter M. Burns v. Commissioner.
Burns v. Commissioner
Docket No. 15842.
United States Tax Court
1949 Tax Ct. Memo LEXIS 238; 8 T.C.M. (CCH) 274; T.C.M. (RIA) 49059; March 21, 1949
Walter M. Burns, pro se. John E. Mahoney, Esq., for the respondent. HARLAN Memorandum Findings of Fact and Opinion HARLAN, Judge: The respondent determined deficiencies in the income tax of petitioner for the taxable years 1943, 1944, and 1945 in the amounts of $138.12, $113.57, and $105.54, respectively. The year 1942 is also involved because of the forgiveness feature of the Current Tax Payment Act of 1943. The sole question is whether or not petitioner is entitled to deductions from *239 gross income under section 23 (a), I.R.C., for certain sums expended by him for meals and lodging while employed at the Navy Yard in Philadelphia, Pa., under a war service appointment. Findings of Fact Petitioner is an individual residing at 32 South Trenton Avenue, Atlantic City, New Jersey. His income tax returns for the years 1942, 1943, 1944, and 1945 were filed by him with the collector of internal revenue for the first district of New Jersey at Camden, N.J. Petitioner, who was 58 years of age in September 1948, was, in the years 1942 through 1945, married and the father of grown children who no longer lived with him. The petitioner in his returns for the taxable years 1942 to 1945, inclusive, claimed deductions for room rent and meals in the following amounts: 1942
1943
1944
1945
Room Rent
$ 75.00
$147.00
$175.00
$240.00
Meals
187.50
367.50
277.50
187.50
Totals
$262.50
$514.50
$452.50
$427.50 These claimed deductions were disallowed by the respondent in the notice of deficiency. Because the petitioner could not obtain work in Atlantic City, and while living in his own home at 32 South Trenton Avenue, *240 Atlantic City, N.J., on June 9, 1942, he obtained employment in the Navy Yard at Philadelphia, Pa., as an electric welder. The appointment to this position was a war service appointment, good until six months after the war emergency ended. This type of appointment continued until February 21, 1946, when the war service appointment was converted to permanent civil service status. Petitioner continued to work in the Navy Yard in Philadelphia, Pa., until September 20, 1946. Upon the commencement of his work in the Navy Yard in Philadelphia, petitioner commuted by automobile from Atlantic City, N.J., to Philadelphia, Pa., for the first three weeks; then he stayed at a room located on Spring Garden Street, Philadelphia, for one week, and thereafter he moved to a room at 610 North 13th Street, Philadelphia, Pa. During the years herein involved, the petitioner owned a house in Philadelphia, Pa., but he did not choose to reside in said house. During the years herein involved, the petitioner's wife operated a business of renting rooms using petitioner's house at 32 South Trenton Avenue, Atlantic City, N.J. The petitioner hired a room in Philadelphia for his own personal convenience so *241 that he could be gainfully employed at the Navy Yard at Philadelphia, Pa. On Sundays, the one day in the week he was not employed at the Navy Yard at Philadelphia during 1944 and 1945, the petitioner operated at a loss, a gasoline service station at Absecon, N.J., which is located 8 1/2 miles from Atlantic City, N.J. From June 9, 1942, until September 1946, the petitioner's post of duty or regular place of employment was Philadelphia, Pa., and not Atlantic City, N.J. Opinion The sole question is whether expenditures for meals and lodgings by petitioner in Philadelphia, Pa. during the years 1942 to 1945, inclusive, are deductible from gross income as "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business" under the provisions of section 23 (a) (1) of the Internal Revenue Code. The evidence discloses that because the petitioner could find no work in his home city, Atlantic City, N.J., he obtained employment as an electric welder commencing June 9, 1942, in the Navy Yard located in Philadelphia, Pa.; that the appointment to this position was a war service appointment; and *242 that the petitioner continued to work under that status until February 21, 1946, when he obtained a permanent civil service status. He was dropped as an employee on September 20, 1946, because of a reduction in force. The petitioner testified that he communted by automobile from Atlantic City to Philadelphia for the first three weeks of his employment, and because commuting by car became too burdensome he thereafter rented a room in Philadelphia for one week at Spring Garden Street and thereafter at 610 North 13th Street. During the taxable years involved, the petitioner owned his home in Atlantic City. His wife lived in the house and used it in the business of renting rooms. Petitioner during these years also owned a brick house in Philadelphia but he testified that he did not live in that house but rented a room elsewhere. The leading case on the deductibility of traveling expenses (including amounts expended for meals and lodging) is Commissioner v# Flowers, 326 U.S. 465. In that case the taxpayer was a lawyer, whose home was in Jackson, Miss. He was general counsel of a railroad company, with his principal place of employment in Mobile, Ala., but he continued to *243 maintain his home in Jackson and deducted from his gross income expenses incurred for meals and lodging while in Mobile and traveling expenses to and from there to Jackson, Miss. The Supreme Court listed three conditions which had to be satisfied in order to take a deduction for traveling expenses under section 23 (a) (1) (A) of the Internal Revenue Code, and pointed out that failure to satisfy any of these conditions prevents the deduction. These conditions are (1) the expense must be reasonable and necessary, (2) incurred "while away from home," and (3) incurred in the pursuit of a trade or business. The Court also held that this section authorizing deductions for traveling expenses while away from home must be construed with section 24 (a) (1) of the Internal Revenue Code which disallows deductions for personal living expenses. The Court found the third requirement to be lacking, and held that the expenses were non-deductible living and personal expenses. Petitioner contends (1) that because his appointment was a war service appointment his position in the Navy Yard was temporary in nature and therefore the expenses he incurred for meals *244 and lodging while working at his post of duty were deductible, and, (2) that he relied upon a letter he received from the office of the collector at Camden, N.J., which provided in part that if the petitioner's work was not of a permanent nature at the Navy Yard he would be allowed to deduct the above-mentioned living expenses. We are unable to agree with the petitioner. In the Flowers case the Supreme Court defined the third requirement listed therein, viz., that the expense must be incurred in pursuit of business, to mean that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer, and said that such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade. The Court also pointed out that travel expenses in pursuit of business within the meaning of section 23 (a) (1) (A) could arise only when the employer's business forced the taxpayer to travel and to live temporarily at some place other than where he had his residence, thereby advancing the interests of the employer. "The exigencies of business rather than the personal conveniences and necessities *245 of the traveler must be the motivating factors." The nature of petitioner's employment in the Navy Yard at Philadelphia was not of such temporary tenure as would enable him to maintain his statutory "home" in Atlantic City. During all of the years herein involved his principal place of business and post of duty was in Philadelphia and that is where the business of his employer demanded and required that he should be. The maintenance of a home in Atlantic City contributed nothing to the employer's business. He lived in Philadelphia because his post of duty was in that city and because for his own personal convenience he wanted to be near his work. The expenditures were not incurred by petitioner while on a "travel status." They were living expenses incurred while he was carrying on his duties at his regular place of business, post of duty, or principal place of employment. They are personal and not business expenses, and accordingly are not deductible. Commissioner v. Flowers, supra; Barnhill v. Commissioner, 148 Fed. (2d) 913; York v. Commissioner, 160 Fed (2d) 385; S. M. R. O'Hara, 6 T.C. 841; John D. Johnson, 8 T.C. 303; William W. Todd, 10 T.C. 655; *246 and Virginia Ruiz Carranza (Zuri), 11 T.C. 224. The petitioner testified that in taking the deductions in controversy he relied upon a letter which he received from a collector's office, which stated in part that if his work at Philadelphia was not of a permanent nature, he would be allowed to deduct living expenses, but if it was of a permanent nature, no expense incurred away from home would be deductible as in such case he would be required to live in the locality where he was employed. Such a letter is not a ruling in petitioner's case by the Commissioner of Internal Revenue, and even if it could be considered a ruling by the Bureau of Internal Revenue, it would not be binding upon the Commissioner. See Botany Worsted Mills v. United States, 278 U.S. 282. Moreover, petitioner's post of duty was at the Philadelphia Navy Yard during all of the years involved herein. His work there was of indeterminate duration and was of a permanent nature. Our conclusion is that the Commissioner did not err in disallowing the deductions claimed for meals and lodgings during the taxable years involved. Decision will be entered for the respondent.