BRUCE A. PAPPAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pappas v. Commissioner
Docket No. 5525-73.
United States Tax Court
T.C. Memo 1975-321; 1975 Tax Ct. Memo LEXIS 54; 34 T.C.M. (CCH) 1397; T.C.M. (RIA) 750321; October 29, 1975, Filed Robert W. Brundige, Jr., for the petitioner. Robert E. Marum, for the respondent. FEATHERSTON
SUPPLEMENTAL MEMORANDUM OPINION FEATHERSTON, Judge: On May 29, 1975, the Court filed its Memorandum Opinion in this case, holding that during 1970 petitioner was not "away from home" in pursuit of his trade or business within the meaning of section 162(a)(2) [1]/ and, consequently, was not entitled to deduct the cost of his meals, lodging, tips, and laundry for that year. This was the only issue raised by the petition and the answer. The Court concluded that petitioner's "home," for the purposes of section *56 162(a)(2), was his abode within the vicinity of his employment in New York. On July 2, 1975, petitioner filed a Motion for Reconsideration of Memorandum Opinion in which he requested review thereof by the full Court. The motion was addressed to the correctness of the conclusion reached in the Memorandum Opinion. It did not request that petitioner be granted leave to amend his pleadings or that the record be reopened. After due consideration, petitioner's request for review by the full Court was denied on July 8, 1975, and his Motion for Reconsideration of Memorandum Opinion was denied on July 16, 1975. On August 7, 1975, respondent filed a computation for entry of decision under Rule 155 of the Rules of Practice and Procedure of this Court. On September 4, 1975, petitioner filed a notice of objection to respondent's Rule 155 computation to which was attached petitioner's alternative computation. In this alternative computation, petitioner claims for the first time that his liability should be computed by allowing him (1) a standard *57 deduction, which is denied a nonresident alien by section 142(b)(1), [2]/ and (2) the benefits of the rates applicable to joint returns, which are not allowable under section 6013(a)(1) [3] if either spouse is a nonresident alien during the taxable year. Rule 155(c) of the Rules of Practice and Procedure of this Court provides: (c) Limit on Argument: Any argument under this Rule will be confined strictly to consideration of the correct computation of the deficiency, liability, or overpayment resulting from the findings *58 and conclusions made by the Court, and no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any new issues. This Rule is not to be regarded as affording an opportunity for retrial or reconsideration. Under this rule, petitioner cannot be allowed at this stage of the proceedings to raise the new issue as to whether he was a resident alien within the meaning of section 142(b)(1). This Court has held repeatedly that the location of an alien's residence for the purposes of section 871 and its predecessors is not necessarily the same as his tax home for the purposes of section 162(a)(2). See Josette J. F. Verrier Friedman,37 T.C. 539, 557 (1961); Virginia Ruiz Carranza (Zuri),11 T.C. 224, 226 (1948); Arthur J. H. Johnson,7 T.C. 1040, 1051 (1946). While the resolution of both issues depends upon evidence regarding the nature of a taxpayer's stay in a particular location, the issue of residency under section 871 involves consideration of a taxpayer's intent, whereas the issue under section 162(a)(2) does not. See Josette J. F. Verrier Friedman,supra at 557. *59 The standards for determining the residential status under sections 142(b)(1) and 871 are the same. Sec. 1.871-2(b), Income Tax Regs.[4]/ Accordingly, the residency issue is a new one within the meaning of Rule 155 of the Rules of Practice and Procedure of this Court. *60 As to petitioner's claim to joint return rates, the income tax return filed by petitioner for 1970 was not a joint return. The trial record contains no information whatever regarding the citizenship, residential status, or income of petitioner's wife and, as noted above, section 6013(a)(1) does not permit a joint return to be filed if either the husband or wife is a nonresident alien at any time during the taxable year. [5]/ Accordingly, consideration of either of petitioner's new contentions would transgress the express provisions of this Court's Rule 155. The trial record as it now stands would not support a holding for petitioner on either issue. Petitioner was notified on October 21, 1974, approximately 90 days in advance, that the case was set for trial on January 20, 1975. Petitioner was given full and adequate *61 opportunity to plead all grounds for relief and to present all pertinent evidence. No special circumstances have been shown to explain petitioner's failure to present the issues he now raises for decision and to offer the available evidence on those issues, and no compelling reason has been advanced to justify the time and expense required on the part of respondent and the Court to reopen the record at this point and conduct a second trial. A decision will be entered accordingly.
Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.
2. / SEC. 142. INDIVIDUALS NOT ELIGIBLE FOR STANDARD DEDUCTION. (b) Certain Other Taxpayers Ineligible.-- The standard deduction shall not be allowed in computing the taxable income of-- (1) a nonresident alien individual; * * *↩
3. SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE. (a) Joint Returns.--A husband and wife may make a single return jointly of income taxes under subtitle A, even though one of the spouses has neither gross income nor deductions, except as provided below: (1) no joint return shall be made if either the husband or wife at any time during the taxable year is a nonresident alien; * * *↩
4. / The Treasury Department has issued sec. 1.871-4, Income Tax Regs., on the subject of proving the residence of an alien, which is, in pertinent part, as follows: Sec. 1.871-4 Proof of residence of aliens. (a) Rules of evidence. The following rules of evidence shall govern in determining whether or not an alien within the United States has acquired residence therein for purposes of the income tax. (b) Nonresidence presumed. An alien, by reason of his alienage, is presumed to be a nonresident alien. (c) Presumption rebutted-- * * * (2) Other aliens. In the case of other aliens, the presumption as to the alien's nonresidence may be overcome by proof-- (i) That the alien has filed a declaration of his intention to become a citizen of the United States under the naturalization laws; or (ii) That the alien has filed Form 1078 or its equivalent; or (iii) Of acts and statements of the alien showing a definite intention to acquire residence in the United States or showing that his stay in the United States has been of such an extended nature as to constitute him a resident.↩
5. /↩ Sec. 6013(b)(2)(C) provides that an election to file a joint return after a separate return has been filed may not be made after a notice of deficiency has been mailed to either spouse and the spouse has filed a Tax Court petition with respect to that year. Petitioner does not advise us what effect this provision has upon his joint return contention.