Henry C. Warren, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 16261.    Promulgated August 12, 1949.

*R. C. Scott, Esq.,* for the petitioner.
*N. A. Townsend, Esq.,* for the respondent.

206

OPINION.

HARLAN, *Judge*: Petitioner contends that the cost of his meals and lodging while he was employed in Charleston, South Carolina, and the cost of his transportation to and from Cornelia, Georgia, where he maintained a residence for his wife and children, are deductible under section 23 (a) (1) (A), Internal Revenue Code, as travel expenses incurred while away from home in pursuit of a trade or business. Respondent determined that these expenditures were "personal, living or family expenses" within the meaning of section 24 (a) (1), Internal Revenue Code, and hence not deductible.

The matter is governed by *Commissioner* v. *Flowers*, 326 U. S. 465 (1946); rehearing denied, 326 U. S. 812 (1946). In that case the taxpayer's post of duty in his employment was Mobile, Alabama, but he chose for personal reasons to maintain his residence in Jackson, Mississippi. He deducted in his 1939 and 1940 returns as traveling expenses the cost of trips from Jackson to Mobile and of meals and hotel accommodations while in Mobile. The Commissioner disallowed the deductions and the Supreme Court sustained the disallowance. In its opinion the Supreme Court said:

Three conditions must thus be satisfied before a traveling expense deduction may be made under § 23 (a) (1) (A):

(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling.

(2) The expense must be incurred "while away from home."

(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade.

In the case at bar it is quite clear that the expenditures in question fail to satisfy the conditions stated above. Petitioner's maintenance of a home for his family in Cornelia may have been caused by a housing shortage in Charleston, but that consideration was irrelevant to the prosecution of his employer's business. The extra expense of his trips to and from Cornelia and of his living apart from his family in Charleston did not advance his employer's business. They were thus personal expenses, not business expenses, and are accordingly not deductible. *Commissioner* v. *Flowers, supra; Ney* v. *United States,*

171 Fed. (2d) 449 (C.C.A., 8th Cir., 1948); certiorari denied, 336 U. S. 967 (1949); *York* v. *Commissioner*, 160 Fed. (2d) 385 (1947); *Virgina Ruiz Carranza (Zuri)*, 11 T. C. 224; *William W. Todd*, 10 T. C. 655; *John D. Johnson*, 8 T. C. 303; *S. M. R. O'Hara*, 6 T. C. 841.

Petitioner cites *E. G. Leach*, 12 T. C. 20, in support of the disputed deductions. In that case the taxpayer husband was temporarily employed at numerous locations during the course of a taxable year. A deduction for travel expenses was allowed by this Court on the ground that the taxpayer had no regular post of duty or place of employment during the taxable year. In the case at bar petitioner was continuously employed at one post of duty, the Navy Yard in Charleston, South Carolina, for more than two years. His employment there was not temporary, but indefinite. There is a well recognized difference between "indefinite" employment and "temporary" employment. *John D. Johnson, supra.* As was said in *Commissioner* v. *Flowers, supra:*

\* \* \* Travel expenses in pursuit of business within the meaning of section 23 (a) (1) (A) could arise only when the railroad's business forced the taxpayer to travel and to live temporarily at some place other than Mobile, thereby advancing the interests of the railroad. \* \* \*

Substituting "Navy Yard" for "railroad" and "Charleston" for "Mobile," that sentence is applicable to the case at bar.

*Wallace* v. *Commissioner* (two cases), 144 Fed. (2d) 407 (C.C.A., 9th Cir., 1944); *Coburn* v. *Commissioner*, 138 Fed. (2d) 763 (C.C.A. 2d Cir. 1943); and *Harry F. Schurer*, 3 T. C. 544, also relied on by petitioner, also involve "temporary" employment and therefore do not apply here. Furthermore, they antedate *Commissioner* v. *Flowers, supra*, which controls the case at bar.

Petitioner's second contention is that the deficiency herein at issue is barred by the statute of limitations set forth in section 3746 (b), Internal Revenue Code.[1]

As stated in our findings of fact, during 1944 the sum of $399.20 was withheld as income tax from petitioner's wages by his employer. Petitioner's 1944 return disclosed a tax liability of $47.14, and on July 20, 1945, the collector of internal revenue for the district of Georgia refunded to petitioner the sum of $358.14. Notice of deficieny was mailed to petitioner on August 5, 1947, the return having been filed March 13, 1945. Petitioner now contends that the deficiency asserted in the notice of deficiency and herein at issue is barred by

---

[1] SEC. 3746. SUITS FOR RECOVERY OF ERRONEOUS REFUNDS.

\* \* \* \* \* \* \*

(b) REFUNDS OTHERWISE ERRONEOUS.—Any portion of an internal revenue tax (or any interest, penalty, additional amount, or addition to such tax) which has been erroneously refunded (if such refund would not be considered as erroneous under section 3774) may be recovered by suit brought in the name of the United States, but only if such suit is begun before the expiration of two years after the making of such refund.

section 3746 (b), Internal Revenue Code, because the notice was mailed more than two years after the refund of withholding tax was made.

We do not agree. As held in *Clark* v. *Commissioner*, 158 Fed. (2d) 851 (C. C. A., 6th Cir., 1946), (see syllabus) :

> Refunds of alleged excess withheld from wages under "pay-as-you-go" income tax plan are a matter of grace to taxpayer made in consequence of amount due as shown on return, are subject to final audit and adjustment, and hence are not final determinations so as to preclude subsequent disallowance of deductions. 26 U. S. C. A. Int. Rev. Code, § 3801.

Hence the provisions of section 3746 (b) are inapplicable to the refund received by petitioner in this case.

Petitioner also contends that if deductions itemized by him on a "long form" income tax return are disallowed by respondent, his tax should be computed "in a manner that would demand of him the least amount of tax. In short, under Supplement T." However, Regulations 111 [2] provide that the taxpayer who files a return on Form 1040 must make his election in the return to file under Supplement T. Not having done so and having elected instead in the return to itemize his deductions, petitioner's election is irrevocable and he may not now ask that his tax be computed under Supplement T.

We accordingly hold that respondent did not err in his determination of a deficiency in income and victory tax for the taxable year 1944 in the amount of $325.95.

*Decision will be entered for the respondent.*

---

[2] SEC. 29.402–1. MANNER OF ELECTION TO COMPUTE TAX UNDER SUPPLEMENT T.—* * *

* * * * * *

(b) *Taxable years beginning after December 31, 1943.*—* * * the taxpayer elects to pay his income tax under Supplement T either by (1) filing a return of his gross income on Form W–2 (Rev.), prescribed in section 29.51–2, or (2) by filing a return on Form 1040 and electing in such return, in the manner prescribed in section 29.23 (aa)–1 (b), to take the standard deduction provided in section 23 (aa). * * *