Irving G. Locke v. Commissioner.
Irving G. Locke v. Commissioner
Docket No. 16307.
United States Tax Court
1949 Tax Ct. Memo LEXIS 28; 8 T.C.M. (CCH) 1002; T.C.M. (RIA) 49270; November 29, 1949
*28 R. C. Scott, Esq., Cornelia, Ga., for the petitioner. N. A. Townsend, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent determined a deficiency in income and victory tax for the taxable year 1943 in the amount of $126.47. The taxable year 1942 is also involved because of the provisions of the Current Tax Payment Act. Two issues are presented for decision: (1) Is petitioner, who was employed in 1942 and 1943 at the Navy Yard in Charleston, S.C., and who maintained a residence in Cornelia, Ga., some 300 miles away, for his wife and children, entitled to a deduction in those years on account of expenditures for meals and lodging in Charleston and for transportation between Charleston and Cornelia? (2) Where respondent made a refund to petitioner of a portion of his income and victory tax withheld or paid for 1943 and subsequently determined a deficiency against petitioner in income and victory tax for 1943, is the determination of deficiency controlled by section 3746 of the Internal Revenue Code which provides that suits for recovery of erroneous refunds must be brought in the name of the *29 United States within two years after the making of the refund? Findings of Fact Petitioner is a resident of Cornelia, Georgia. His income and victory tax returns for the calendar years 1942 and 1943 were filed with the collector of internal revenue for the district of Georgia. Petitioner was continuously employed from January 17, 1941, until May 28, 1945, at the United States Navy Yard in Charleston, South Carolina, approximately 300 miles from Cornelia, Ga. Prior to 1941 he had lived in Cornelia and he maintained a residence for his wife and children in that city during the period he was employed in Charleston. There was a housing shortage in Charleston at that time. Approximately five times a year petitioner returned to Cornelia to visit his family. Petitioner's duties at the Navy Yard were those of a plumber. He worked for the most part on the day shift in the construction of new vessels. His duties in his employment did not require him to leave Charleston at any time. He understood when he accepted the employment that his duties would be performed in Charleston. Petitioner lived alone in a trailer which was parked near the Navy Yard in the same location throughout the *30 duration of his employment. He left the trailer in Charleston at the conclusion of his employment in May, 1945. On his 1942 income tax return petitioner reported wages from the Navy Yard in the amount of $3,852.38. Deductions were itemized on this return, Form 1040, and included, among others, the following: Bus fare (5 trips to Charleston)
$ 41.85
Expenses on job (not reimbursed for)
484.50
Total
$526.35
These deductions represented the cost of petitioner's transportation to and from Cornelia and the cost of his meals and lodging in Charleston. They were disallowed by respondent. On his 1943 income tax return petitioner reported wages from the Navy Yard in the amount of $3,556.56. Deductions were also itemized on this return, Form 1040, and included, among others, the following: Trailer rent and meals
$442.00
Transportation to and from place of em-
ployment
43.80
Total
$485.80
These deductions represented the cost of petitioner's meals and lodging in Charleston and the cost of his transportation to and from Cornelia. They were disallowed by respondent. Petitioner's 1943 return also disclosed the following: Tax withheld by employer
$217.71
Tax paid on 1942 income
47.32
Tax paid on 1943 income on a/c deduction
of estimated tax
53.42
Total tax paid
$318.45
Less: Income and victory tax liability
disclosed by 1943 return
165.32
Difference
$153.13
*31 Upon the basis of this information the collector of internal revenue for the district of Georgia made a refund to petitioner during January, 1945, in the amount of $153.13 plus interest of $7.85. Petitioner's 1943 return was filed on or prior to March 15, 1944. By an agreement, Treasury Department Form 872, executed by petitioner and respondent on or about January 2, 1947, the period of limitation for the assessment of any deficiency in income and victory tax due by petitioner for the taxable year ended December 31, 1943, was extended to June 30, 1948. The notice of deficiency was mailed to petitioner on August 5, 1947. Opinion The facts and the two issues in this proceeding do not differ in any material respect from the facts and the first two issues in Henry C. Warren, 13 T.C. 205 (August 12, 1949). We decided those issues in favor of the respondent. Accordingly, on the authority of that case, Decision will be entered for the respondent.