WILLARD S. JONES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17350. Promulgated December 1, 1949.

*W. L. Weaver, Esq.*, for the petitioner.
*Homer F. Benson, Esq.*, for the respondent.

OPINION.

HILL, *Judge*: Petitioner claims the right to deduct the amounts he expended during 1945 for meals and lodging as traveling expenses incurred while away from home under section 23 (a) (1) (A) of the Internal Revenue Code. Respondent, on the other hand, contends that those expenditures "were not ordinary and necessary business expenses incurred in the pursuit of the trade or business of the petitioner or that of his employer." *Commissioner* v. *Flowers*, 326 U. S.

465; rehearing denied, 326 U. S. 812. We believe that respondent's determination must be sustained.

We have found as a fact that petitioner was employed by the Jones Construction Co. at Oak Ridge, Tennessee, for an indefinite period of time. We do not believe, in view of the facts of this case, that his employment there could be deemed temporary. During 1945, the year involved, petitioner worked in Oak Ridge a total of 357 days. Altogether he was there for a period of approximately 30 months. It is therefore apparent that petitioner's principal place of employment or post of duty during 1945 was in Oak Ridge, Tennessee.

In view of these facts we think, as respondent contends, that this case is controlled by *Commissioner* v. *Flowers, supra.* In that case the taxpayer, a lawyer, maintained his home in Jackson, Mississippi. He was general counsel for a railroad company, with his principal place of employment in Mobile, Alabama. He continued, however, to maintain his home in Jackson and deducted from his gross income expenses incurred for meals and lodging while in Mobile and traveling expenses to and from there to Jackson, Mississippi.

The court held that before the expenditures in question could be deductible they must (1) be reasonable and necessary traveling expenses; (2) incurred "while away from home"; and (3) incurred in pursuit of a business, which means that there must be a direct connection between the expenditures and the carrying on of the business of the taxpayer's employer, and that such expenditures must be necessary to the employer's business or trade. If any one of these three requirements is lacking, the expenses are nondeductible. See our discussion of the *Flowers* case in *John D. Johnson*, 8 T. C. 303.

The Supreme Court held in the *Flowers* case that requisite (3) had not been met, stating:

The facts demonstrate clearly that the expenses were not incurred in the pursuit of the business of the taxpayer's employer, the railroad. Jackson [here Bakewell] was his regular home. Had his post of duty been in that city the cost of maintaining his home there and of commuting or driving to work concededly would be non-deductible living and personal expenses lacking the necessary direct relation to the prosecution of the business. The character of such expenses is unaltered by the circumstances that the taxpayer's post of duty was in Mobile, [here Oak Ridge] thereby increasing the costs of transportation, food and lodging. Whether he maintained one abode or two, whether he traveled three blocks or three hundred miles to work, the nature of these expenditures remained the same.

The Court further stated:

Travel expenses in pursuit of business within the meaning of § 23 (a) (1) (A) could arise only when the railroad's business forced the taxpayer to travel and to live temporarily at some place other than Mobile, thereby advancing the interests of the railroad. * * *

For the reasons stated by the Supreme Court in the *Flowers* case we likewise believe that here requisite (3) is lacking. See also *S. M. R.*

*O'Hara*, 6 T. C. 841; *Arnold P. Bark*, 6 T. C. 851; *John D. Johnson*, *supra; Henry C. Warren*, 13 T. C. 205.

The fact that housing conditions in Oak Ridge were such that it was difficult or impossible to bring his wife there with him is not of any help to petitioner in this case. We said in *Henry C. Warren, supra*, that "petitioner's maintenance of a home for his family in Cornelia [here Bakewell] may have been caused by housing shortage in Charleston, [here Oak Ridge] but that condition was irrelevant to the prosecution of his employer's business."

The deductions in question were properly disallowed.

Reviewed by the Court.

*Decision will be entered for respondent.*

———

MURDOCK, J., dissenting: I think the result reached by the majority is not supported by the *Flowers* case, is unjust, and is contrary to the intent of Congress, while the opposite result is supported by authorities which have actually considered this question, is just, and is in accordance with the intent of Congress.

The Supreme Court was not thinking of a situation like the present one when it decided the *Flowers* case, in which the facts are unlike those here present, and it said nothing which decides this case against the petitioner. There, Flowers had permanent employment in Mobile and could have made his home there for all purposes. He chose, for personal reasons, to retain his residence in Jackson. Personal, family, or living expenses are not deductible. Sec. 24 (a) (1). Here, Jones had no choice. His expenses were unavoidably essential to his trade or business and to the employment. His home had always been at Bakewell and he could not avoid a duplication of homes and home expenses by moving his wife and his home to Oak Ridge or any other place which would have enabled him to do his work while living at such a home. The findings show that.

Also, Jones' employment at Oak Ridge was unlike Flowers' at Mobile, since it was temporary. It would not last beyond the time when the heavy construction phase of the work was completed and it might end sooner. It was much more comparable to the employment in *Harry F. Schurer*, 3 T. C. 544, the only difference being that the construction at Oak Ridge took more time and the petitioner happened to be there during all of 1945. But that slight difference in time is not decisive. A member of this tribunal was once occupied for a similar time in Los Angeles in hearing a single case, but there was no question of his right to his allowance for board and lodging while away from home, Washington. There, as here, a significant fact was that the employment at the one place away from home was temporary.

The time was no more "indefinite" in the one case than in the other. Neither employment was expected to continue for more than a relatively short time, too short to justify moving his home. Neither was like the employment in the *Flowers* case. Cf. *Coburn* v. *Commissioner*, 138 Fed. (2d) 763, where the taxpayer, an actor, was away from home for 263 days in one year making a motion picture, and *Chester D. Greisemer*, 10 B. T. A. 386, where the taxpayer was away from home during several taxable years. See also *Charles G. Gustafson*, 3 T. C. 998.

I can think of no reason why Congress would want to deny these expenses, which were ordinary and necessary, indeed unavoidable, in the petitioner's business. It drew a line between family and living expenses, such as those incident to Jones' home in Bakewell, and those incurred beyond such expenses in an effort to earn income while away from home. The present expenses are of the latter kind and the statute is just in allowing them.

VAN FOSSAN, *J.*, agrees with this dissent.