Kurt G. Wolff v. Commissioner.
Kurt G. Wolff v. Commissioner
Docket No. 20942.
United States Tax Court
1950 Tax Ct. Memo LEXIS 296; 9 T.C.M. (CCH) 55; T.C.M. (RIA) 50026; January 24, 1950
*296 Petitioner from 1943 to 1947 was employed by the Conway Home Improvement Company, Inc. of Syracuse, New York, as one of its representatives, on a commission basis. Under the terms of his employment petitioner was to pay his own traveling expenses and meals and lodging. From January 1944 to April 1947, petitioner was stationed in Ithaca, New York, as his post of duty. He still maintained his home in New York City. The Commissioner has allowed petitioner a deduction for his automobile expenses incurred and paid in his work as trade representative of the Conway Company in Ithaca for the year 1944, but has disallowed petitioner's claimed deductions for meals and lodging expended by petitioner during 1944 while at his regular post of duty in Ithaca. Held, respondent is sustained in this disallowance of the meals and lodging deductions claimed by petitioner. Commissioner v. Flowers, 326 U.S. 465. Kurt G. Wolff, pro se. Graham Loving, Jr., Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioner's income tax for the calendar year 1944 in the amount of $31. This deficiency is *297 due to two adjustments made by the Commissioner in the income tax return filed by petitioner for the year 1944. These adjustments are explained in the deficiency notice as follows: Unallowable deductions and additional income: (a) Salary
$100.00
(b) Excise taxes and contributions
29.00 The Commissioner explained the foregoing adjustments as follows: "(a) Salary reported from the Conway Home Improvement Company, Inc. for the year 1944 was understated in the amount of $100.00. "(b) Excise taxes and contributions are not deductible in computing adjusted gross income under the provisions of Section 22(n) of the Internal Revenue Code." The petition does not assign any error as to the foregoing adjustments. The petition does assign errors, as follows: "(a) the Commissioner erred in disallowing the claim of petitioner for a refund in the sum of $238.00 for the year 1944, and in the sum of $302.34 for the year 1945; "(b) the Commissioner erred in disallowing the claim of petitioner for additional allowance as and for away-from-home expenses in the sum of $1,295.00 for the year 1944, and in the sum of $1,295.00 for the year 1945." Findings *298 of Fact The petitioner resides at 156 Sherman Avenue, New York, New York. His income tax return for the year 1944 was filed with the Collector for the 21st District of New York. In 1943 petitioner was employed by the Conway Home Improvement Company, Inc. of Syracuse, New York, as home insulation engineer. His duties were to find prospective customers, home owners, survey their homes and sell them insulation to prevent loss of heat and to protect the homes from cold air and draft. He received for his compensation a stipulated percentage of the amount payable to the company under the contracts, with the agreement that he had to pay his own transportation and the cost of his own meals and lodging. He was selected to open branch offices for the firm and train suitable personnel and this work took him first to Oneida, New York, where he remained for eight months in 1943. From there he was sent to Utica, New York, for the same purpose. There he found a suitable man acquainted with the business. This man was chosen and established as the firm's representative there and petitioner left after four months to establish an office in Ithaca, New York, in January 1944, to pursue his work with *299 the Conway Company. Petitioner remained in Ithaca until in April 1947, when he severed his connection with the Conway firm. Two factors prevented petitioner from establishing a home for his family in Ithaca during the more than three years while he was there. One was the uncertain length of his stay and the second was the housing shortage in Ithaca. In Ithaca he employed the services of real estate agents and newspaper advertising in trying to find accommodations for his family to live, but to no avail. While in Ithaca petitioner lived as a roomer in a rooming house and took his meals at restaurants and other eating places. Petitioner's family during this time remained at their residence in New York City and petitioner visited them occasionally. Petitioner, in his income tax return for the calendar year 1944, claimed a deduction of $315.37 for repair and maintenance and operation of his automobile in the pursuance of his trade or business. This deduction was allowed by the Commissioner and is not in controversy here. Petitioner later filed an amended return for the year 1944 in which he claimed a deduction for meals and lodging while away from home of $1,295. This deduction claimed *300 on petitioner's amended return the Commissioner has not allowed. Petitioner claims such deduction in his petition. Petitioner during the year 1944 expended as much as $865 for meals while living at his post of duty in Ithaca, New York and during such time he also expended as much as $385 for lodging in said city. From the time petitioner came to Ithaca in January 1944 until he left there in April 1947, during which time he incurred the expenses for meals and lodging shown above for the year 1944, he was at his regular post of duty as an employee of Conway Home Improvement Company. Such expenditures were not "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business" within the meaning of section 23(a)(1)(A) of the Internal Revenue Code. Opinion BLACK, Judge: Petitioner has not contested the adjustments which resulted in the deficiency determined by respondent for 1944. However, in his petition petitioner claims a deduction of $1,295 as an outlay in 1944 for meals and lodging expended in Ithaca, New York, while working there as an employee of the Conway Home Improvement Company *301 of Syracuse, New York. Petitioner did not claim these deductions on his original income tax return for 1944 but now raises the issue in his petition and asks for a determination of overpayment. This, of course, he has a right to do. The burden of proof to sustain the deductions claimed is on petitioner. Petitioner relies upon section 23(a)(1)(A), I.R.C. which reads as follows: "SEC. 23. DEDUCTIONS FROM GROSS INCOME. "In computing net income there shall be allowed as deductions: "(a) Expenses. - "(1) Trade or business expenses. - "(A) In general. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity." It *302 is petitioner's contention that his expenditures for meals and lodging in Ithaca for 1944 came within that provision of the statute above quoted which reads: "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business." Petitioner bases his contentions on the fact that during the period in question his family lived in New York City and that he was unable to bring his family to Ithaca to live on account of the housing shortage which then prevailed there. These facts are not, however, sufficient to give petitioner the right to take the deductions which he claims. Only in the event that petitioner had some kind of a travel status as an employee of Conway Home Improvement Company of Syracuse during 1944 would petitioner be entitled to deduct his expenses for meals and lodging in Ithaca. The facts show that petitioner did not have such a travel status during 1944. His place of employment with his employer beginning in January 1944 to the end of the year was in Ithaca. In fact he requested his employer to let him stay there and he did stay until in April 1947, when he severed his connection with the company. *303 Under this state of facts, petitioner would not be entitled to a deduction for his meals and lodging while residing at his regular post of duty in Ithaca. Willard S. Jones, 13 T.C. 880, (promulgated December 1, 1949); Grover Tyler, 13 T.C. 186; Henry C. Warren, 13 T.C. 205; Robert F. Green, 12 T.C. 656; Virginia Ruiz Carranza (Zuri), 11 T.C. 224. The foregoing cases rely principally upon Commissioner v. Flowers, 326 U.S. 465. Petitioner's contention that he is entitled to deduct these costs of meals and lodging expended in the City of Ithaca during the year 1944 is not sustained. It will be noted that in our statement of petitioner's assignments of error he is raising this same issue for the year 1945 and is claiming the same deduction of $1,295 for that year as he claimed for the year 1944. However, the record does not show that the Commissioner has determined any deficiency for the year 1945. Therefore, we have no jurisdiction of that year. Decision will be entered for the respondent for the year 1944. Decision will be entered dismissing the proceeding for the year 1945 because we have no jurisdiction. *304