Ralph James Martin v. Commissioner.
Ralph James Martin v. Commissioner.
Docket No. 26493.
United States Tax Court
1951 Tax Ct. Memo LEXIS 298; 10 T.C.M. (CCH) 269; T.C.M. (RIA) 51079; March 13, 1951
*298 Petitioner maintained a home for his family in Cincinnati while he was employed by the War Department in Washington, D.C., and New York City. Held: Petitioner's living expenses during this period were personal expenses and not deductible. Section 24 (a) (1). Ralph James Martin, pro se. Elmer E. Lyon, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion Respondent determined a deficiency of $279 in the petitioner's income tax liability for the year 1946. The issue is whether the petitioner may deduct, under the provisions of section 22 (n) (2) or section 23 (a) (1) (A) of the Internal Revenue Code, certain living expenses incurred during the taxable year. Findings of Fact *299 Petitioner is an individual who resides in Cincinnati, Ohio. The return for the period here involved was filed with the collector of internal revenue for the first district of Ohio. Petitioner was employed by the War Department in March, 1941. He continued in that employment through the taxable year 1946. After having been transferred several times subsequent to his initial employment, petitioner was, at the beginning of 1946, employed at Columbus, Ohio, which was his post of duty until July 14, 1946, when he was transferred to Washington, D.C. On September 29, 1946, petitioner was transferred to New York City which was his post of duty throughout the remainder of 1946. During the year 1946 petitioner maintained a home for his family in Cincinati, Ohio. During 1946 petitioner received an allowance of $6 per diem while he was away from his assigned place of employment, a total in that year of 131 days. Petitioner estimated his living expenses at $10 per day while away from his post of duty or a total of $1,310, of which total he was reimbursed at the rate of $6 per day or a total of $786. Petitioner claimed as a deduction from his gross income the amount of $524, the difference *300 between the sum of $1,310 and the sum of $786. The Commissioner has allowed the petitioner this deduction in the amount of $524. The petitioner also estimated his living expenses at $135 per month for the 12 months during 1946, or a total of $1,620, which sum was claimed as an additional deduction on petitioner's return. The Commissioner in his notice of deficiency disallowed this deduction and determined a deficiency based thereon in the amount of $279. Opinion VAN FOSSAN, Judge: The sole issue is whether the petitioner's living expenses estimated at $135 per month during 1946, or a total of $1,620, are deductible. The petitioner's theory in support of his contention that this amount should be deductible, is that due to the "temporary" and peripatetic nature of his employment with the Government he was unable to keep his family with him, and was forced to maintain a home for them in Cincinnati and quarters for himself at his various posts of duty. We are not insensitive to the realities of the petitioner's argument that it cost him additional sums by reason of his having to maintain separate quarters for himself away from his family which he would not have otherwise incurred *301 had the nature of his employment been such that he could live with his family. The question presented is not new however and it has heretofore been resolved against the petitioner's contention. Commissioner v. Flowers, 326 U.S. 465; York v. Commissioner, 160 Fed. (2d) 385; Walter M. Priddy & Swannanoa H. Priddy, 43 B.T.A. 18; Henry C. Warren, 13 T.C. 205. Petitioner's characterization of his employment as "temporary" is not indicative of any other view. Ney v. United States, 77 Fed. Supp. 1005, aff'd., 171 Fed. (2d) 449; cert. den., 336 U.S. 967. It follows that petitioner's living expenses are personal and not deductible. Section 24 (a) (1). Decision will be entered for the respondent.