Conrad P. and Esther I. Stephan v. Commissioner.
Stephan v. Commissioner
Docket No. 31540.
United States Tax Court
1952 Tax Ct. Memo LEXIS 313; 11 T.C.M. (CCH) 182; T.C.M. (RIA) 52050; February 27, 1952
*313 Section 23 (a) (1) (A) - Claim for deduction of expenses for meals and room as traveling expense denied. - Prior to August, 1946, the petitioner, a carpenter, lived in Swanville, 120 miles away from Minneapolis. In August, 1946, he accepted employment with a building contractor in Minneapolis. After working continuously for that firm for 10 months, he accepted other employment in Minneapolis and worked there all of 1947 and 1948. During this period his family remained in Swanville, and he rented a room in Minneapolis. He visited his family over week ends. None of his jobs required traveling for his employers. His work did not require the use of an automobile. He used his automobile solely between his room and his job and for trips to Swanville. Upon the facts, held, that expenses for lodging and meals in Minneapolis during 1947 were not traveling expenses within section 23 (a) (1) (A), I.R.C., and constitute personal expense. Held, further, that since petitioner's automobile was not used in his business, he is not entitled to any deductions for depreciation and insurance. Conrad P. Stephan and Esther I. Stephan, pro se. Edward C. Adams, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent has determined a deficiency in income tax for the year 1947 in the amount of $273.03. The deficiency results from disallowance of alleged business expense deductions under section 23 (a) (1) (A) and 23 (1) (1), I.R.C. The respondent has disallowed deductions of $1,400 for meals and lodging in Minneapolis; of $150 alleged automobile depreciation; and of $55 automobile insurance. The petitioner contends that his employment *315 in Minneapolis during 1947 was temporary and that, therefore, he was, during all of 1947, in the status of a person traveling in pursuit of a trade or business, and is entitled to deduct the sums paid for meals and lodging in Minneapolis throughout 1947. The petitioner claims deduction for the entire amount of alleged depreciation on his automobile and of the cost of insurance in 1947. The petitioners filed a joint return for the year 1947 with the collector for the district of Minnesota. Findings of Fact The petitioners are husband and wife and have one child. The petitioner Esther I. Stephan received no income during 1947, and since the issues presented relate only to deductions claimed by the petitioner Conrad P. Stephan, he is referred to hereinafter as the petitioner. Prior to August, 1946, the petitioner did not work in Minneapolis. He is a carpenter by trade. He and his family resided in Swanville, Minnesota, which is 120 miles from Minneapolis. He did not have a shop or business of his own but earned his living working as an employee of others. In August, 1946, the petitioner accepted employment by the Matson Construction Company of Minneapolis as a carpenter. He was *316 employed to work on a housing project in East St. Paul near the city line of Minneapolis. The Matson Construction Company did not require that the petitioner do any traveling in the course of his employment. He worked for the Matson Company continuously until about July 1, 1947. Upon the completion of that employment, the petitioner did not return to Swanville to look for work. Instead, he accepted other employment by building contractors in Minneapolis for the remainder of 1947. He was employed by the Delta Construction Company of Minneapolis for one and one-half months, and by the Ring Construction Company of Minneapolis for four and one-half months. His work for these two employers was on jobs in Minneapolis, and the scope of his employment did not involve any traveling for his employers. The petitioner was employed by building contractors and worked in Minneapolis or St. Paul, the Twin City, during all of 1947. At the end of 1947 the petitioner did not return to Swanville to look for employment. Instead, at the end of 1947 or the beginning of 1948 he accepted employment as a carpenter by the Minneapolis Star and Tribune, a newspaper publishing company located in Minneapolis. He *317 was employed by the Minneapolis Star and Tribune during all of 1948. That employment did not entail any traveling for his employer. When the petitioner accepted employment in Minneapolis he did not bring his family there to live with him. His wife and child remained in Swanville and lived with her parents. The petitioner did not maintain his own home in Swanville after August, 1946. His wife and child continued to live with her parents in Swanville during the remainder of 1946, during all of 1947, and for part of 1948. When the petitioner accepted employment in Minneapolis in August, 1946, he rented a room. He continued to rent a room during the remainder of 1946, during all of 1947, and during part of 1948. He worked in Minneapolis during the entire year of 1948. The petitioner, throughout the four months of 1946, all of 1947, and all of 1948 usually worked five days a week and did not work on Saturday and Sunday. He went to Swanville to be with his family over Saturday and Sunday. The petitioner worked during 52 weeks of 1947 and did not take any vacation. The petitioner ate his meals in restaurants in Minneapolis during the working week. During 1947, the petitioner paid $5 a *318 week for his room, and about $22 a week for meals in Minneapolis, total $27 per week; and his total expenses for his room and meals in Minneapolis during 1947 amounted to $1,400. In 1941, the petitioner purchased a secondhand Chevrolet, 1936 model, for which he paid $425. In 1946, he paid $300 to have it overhauled. In 1947 he paid $55 for automobile insurance. The petitioner used his automobile driving back and forth between Swanville and Minneapolis during all of 1947, and in this use of his automobile he drove it about 12,000 miles. The petitioner used his automobile to drive between his room and place of work in Minneapolis during 1947. The distances of his places of employment from his room in Minneapolis varied from about 5 to 10 miles one way, and he drove his automobile about 3,000 miles during 1947 in Minneapolis, going between his room and his places of work. The petitioner had an extra set of carpenter's tools which he carried to work in his automobile. The petitioner deducted $150 in his return for 1947 as automobile depreciation. He does not know how much the car depreciated or whether it was fully depreciated in 1947. He does not understand how to compute depreciation *319 on an automobile. The petitioner was not reimbursed by any of his employers for the cost of his lodging and meals during 1947. The petitioner's employment in Minneapolis during 1947 was not temporary. The petitioner did not use his automobile in his business during 1947. His use of his automobile constituted personal use. The expense of meals and lodging in Minneapolis during 1947 was personal expense and was not ordinary and necessary expense incurred while traveling away from home in pursuit of his trade or business. Opinion The petitioner appeared in this proceeding without counsel, and he is apparently unacquainted with the rules of Federal tax law. He has not filed a brief. However, he has been told, and he made the contention during the trial of this proceeding, that if his employment in Minneapolis during 1947 was temporary, he is entitled to deduct the cost of his meals and lodging in Minneapolis during 1947 as traveling expenses incurred in the pursuit of his trade. He contends, also, that he used his automobile in his business in Minneapolis during 1947. He admits that the use of his automobile for driving to and from Swanville was personal use of the car. Upon this *320 admission, he is not entitled to the full amount of the deduction claimed for automobile depreciation and insurance, but he has not made any attempt to allocate such expense between his personal use and the alleged business use of the automobile. There are two issues in this proceeding to be decided, one under section 23 (a) (1) (A) and the other under section 23 (1) (1) of the Internal Revenue Code. The respondent contends that the petitioner is not entitled to any traveling expense deduction or to any automobile expense and depreciation deduction. The expense of food and lodging, ordinarily a personal expense the deduction of which is expressly prohibited by section 24 (a) (1), becomes deductible as an ordinary and necessary business expense under section 23 (a) (1) (A), only when it is properly classed as business traveling expense under section 23 (a) (1) (A), so that the first inquiry is whether the petitioner, during 1947, was in the status of a person who is traveling in pursuit of a trade or business. The primary test of whether a taxpayer is so traveling is not whether his job in a city away from the taxpayer's family residence is "temporary. *321 " The understanding which the petitioner here has obtained from some unknown source illustrates what appears to have become a general misunderstanding of references to the terms "temporary," or "indefinite," or "indeterminate" employment which appear in some of the decided cases involving the same general question. Cf. John D. Johnson, 8 T.C. 303; Arnold P. Bark, 6 T.C. 851; Henry C. Warren, 13 T.C. 205; Willard S. Jones, 13 T.C. 880; Coburn v. Commissioner, 138 Fed. (2d) 763; and Harry F. Schurer, 3 T.C. 544. The primary test is whether the work which the taxpayer is doing in a city away from the place of his family residence is being done in the course of business travel, and business travel must be traveling which is in direct connection with the trade or business of the employer (or of the taxpayer, if he has a business). It may be of value to others to point to the need for re-orienting the approach to the question of whether expenses for meals and lodging incurred in a town to which the taxpayer has gone to work, are the meal and lodging expense which was intended to come within section 23 (a) (1) (A) *322 as deductible business expense, even though, in so doing, we necessarily restate rules which are better known to those who deal with tax problems continuously than to the ordinary taxpayer such as the petitioner. Three conditions must be satisfied before the expenses of meals and lodging in the place where the taxpayer works can be deducted from income as business and traveling expense, or as the expense of traveling in pursuit of a trade or business, under section 23 (a) (1) (A), and if any one of the three conditions is not satisfied, the expense is personal and deduction must be denied. These three conditions, found in the statute and in regulations of the Commissioner (Regulations 111, section 29.23 (a)-2) which impliedly have received legislative approval, Helvering v. Winmill, 305 U.S. 79, have been set forth in Commissioner v. Flowers, 326 U.S. 465. We need not quote in haec verba the three conditions summarized in the Flowers case but, for emphasis, and with particular reference to food and lodging expense, they may be paraphrased as follows: (1) The food and lodging expense must be a business traveling expense which is reasonable and necessary. *323 (2) There must be a direct connection between the food and lodging expense and the carrying on of the employer's business (or the taxpayer's business, if he carries on a business of his own); and there must be pursuit of the employer's business which necessitates the employee's incurring the expenses for food and lodging. (3) The food and lodging expense must be incurred "while traveling away from home." Illustrative of what does not constitute expense of travel away from home which is directly connected with the carrying on of the business of an employer (or of the taxpayer if he has a business of his own), is the expense of going from one's home to one's job, such as bus fare or commuting expense. The employee's expense of getting to his employer's location to do the work for which the taxpayer has accepted employment is the personal expense of the employee because, referring to the above conditions, such traveling has no direct connection with the prosecution of the employer's business which the employee was hired to do. The employer has not required the employee to take a trip in connection with his job. The example of the expense of traveling to work, bus or commutation fare, *324 is only carried to another degree of fact without any difference in principle, when the employee instead of commuting every day from his personal residence to the place of his employment, rents a room and buys his meals in the town where he works. He may adopt that arrangement either because his personal residence is too far away to commute to work, or because he prefers to live in a rented room in the town where his job is located. The reason for the incurring of the lodging and meals expense is immaterial in so far as the right to a tax deduction under section 23 (a) (1) (A) is involved. "Whether he maintained one abode or two, whether he traveled three blocks or three hundred miles to work, the nature of these expenditures [personal] remained the same." Commissioner v. Flowers, supra. Turning to the facts in this proceeding: The petitioner's employers in Minneapolis during 1946 and during 1947 (the taxable year) did not require the petitioner to travel in the course of his employment, or to travel from Swanville to Minneapolis. The petitioner was not in a travel status on his employer's business at any time during 1947, or when he first went to Minneapolis in 1946. *325 His room and meal expense in Minneapolis was not a traveling expense; and there was no direct connection between that expense and the carrying out of the duties of employment, carpentering, in the operation of the employers' business. The expense of his meals and lodging was neither an exigency of nor incident to his employers' business. Since two of the required conditions are not met, the expense fails to meet the conditions of deductible traveling expense under section 23 (a) (1) (A). The fact that the expense was incurred away from the petitioner's home Swanville is immaterial. The fact that the place of work was in a different town than the petitioner's family lived in is immaterial. The petitioner had no business of his own. For reasons known best to himself, no doubt because of necessity or for better advantages, he accepted employment in Minneapolis in 1946 and during all of 1947 and 1948. The fact that he could not or did not re-establish a family residence in Minneapolis after he accepted employment there does not provide the slightest basis for his claim that the ordinarily personal expenses of room and meals, which, without question, would be personal if incurred in Swanville, *326 changed into business traveling expenses when they were incurred in Minneapolis. An employer did not send the petitioner on a business trip anywhere. His voluntarily going to another place to accept employment did not constitute "traveling while away from home in pursuit of a trade or business." In the case of Willard S. Jones, supra, a sheet metal worker accepted employment by a building contractor in Oak Ridge, Tennessee. His home was in Bakewell, 75 miles away. His family stayed in Bakewell, and he incurred lodging and meal expense in Oak Ridge for most of a year. We held the expense was not business and traveling expense, and denied deduction. In the case of Henry C. Warren, supra, a pipe fitter accepted employment in Charleston, South Carolina, 300 miles from Cornelia, Georgia, his home. Deduction of his room and meal expense in Charleston was denied. This proceeding differs not at all from the cases of Jones and Warren. It is held that the petitioner is not entitled to deduction of $1,400 for meals and lodging under section 23 (a) (1) (A). It is held, also, on the evidence, that the petitioner did not use his automobile in doing his work during *327 1947. It follows that he is not entitled to any depreciation deduction under section 23 (l) (1), and that he is not entitled to any deduction for automobile insurance under section 23 (a) (1) (A). In order to receive both of these deductions, it must be shown that the automobile was used by the petitioner in his work. The petitioner admits that part of the use of his automobile was personal (in taking trips home), but we cannot allow even a percentage of the deductions claimed. A taxpayer may not deduct the expense of going to his place of work from his lodging or home, Regulations 111, section 29.23 (a)-2; John C. Bruton, 9 T.C. 882; Williard I. Thompson, 15 T.C. 609, reversed on another point, 193 Fed. (2d) 586 (C.A. 10, 1951); Chester C. Hand, Sr., 16 T.C. 1410; Frank H. Sullivan, 1 B.T.A. 93. The petitioner used his automobile in Minneapolis only to go to and from his work. The petitioner contends that he used his car in his work because he carried a set of tools in his car to work. If he had not had a car, he would have carried his case of tools on a public conveyance or whatever other means of transportation *328 he used to get to work each day. Or he might have been able to leave them in a locked place at his place of work. On this point the evidence is vague. Since the work he did, did not require the use of an automobile in the performance of the work, the use of his car was not business use. With respect to the claim for depreciation deduction, there is failure of proof, as well. The petitioner did not prove the necessary facts. The automobile insurance expense and depreciation deduction are denied. Decision will be entered for the respondent.