H. M. Shipman v. Commissioner.
H. Shipman v. Commissioner
Docket No. 28904.
United States Tax Court
1952 Tax Ct. Memo LEXIS 274; 11 T.C.M. (CCH) 283; T.C.M. (RIA) 52083; March 31, 1952
*274 Petitioner expended certain sums for meals and lodging while employed in Milwaukee and Duluth in 1946 and 1947. During this period he maintained a home for his family in Mason City, Iowa. He deducted the expenditures as trade or business expenses in his income tax returns for the taxable years. Held, the expenditures were personal or living expenses, and their deduction is prohibited by section 24 (a) (1) of the Internal Revenue Code. H. M. Shipman, pro se. Thomas A. Steele, Jr., Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion Respondent determined income tax deficiencies for the calendar years 1946 and 1947 in the respective amounts of $266.13 and $271.10. The issue is whether expenditures *275 for meals and lodgings during the taxable years constituted traveling expenses "while away from home in the pursuit of a trade or business" within the meaning of section 23 (a) (1) (A) of the Internal Revenue Code. Other adjustments made by respondent in determining the deficiencies are conceded by the petitioner. Findings of Fact Petitioner and his wife are residents of Duluth, Minnesota, where they have resided since January, 1948. They filed joint income tax returns for the taxable years with the collector of internal revenue at Des Moines, Iowa. Petitioner's wife did not join him in filing the petition herein. From 1930 to 1948 petitioner was employed by the Chicago, Milwaukee, St. Paul and Pacific Railroad, hereinafter referred to as Railroad. During and prior to the taxable years he served Railroad in various capacities, including signal maintainer, signal draftsman, and estimating and valuation engineer. In or about 1939 Railroad employed him as a signal maintainer at Mason City, Iowa, with an assigned territory along its rail system. His job was the maintenance and inspection of all railroad signal equipment in his assigned territory. Petitioner *276 and his family, consisting of his wife and two children, lived in Mason City from 1939 to 1946. His family remained in Mason City until he moved them to Duluth on or about December 31, 1947. In 1941 petitioner went to Milwaukee, Wisconsin, for the first time to work for Railroad for a 30-day period as a signal draftsman. At the end of this temporary assignment in Milwaukee, he returned to his permanent job in Mason City. Petitioner's permanent job in Mason City was filled temporarily by another employee while he was on the Milwaukee assignment. In January, 1946, the superintendent of telegraph and signals for Railroad offered petitioner another assignment in Milwaukee as a signal draftsman and as an estimating and valuation engineer. The superintendent advised petitioner that he did not know how long it would be necessary for Railroad to keep him in Milwaukee but that his job in Mason City would be filled by a temporary employee during his absence, so that when he was through in Milwaukee he could return to his permanent job in Mason City. Petitioner accepted and worked for Railroad in Milwaukee during the remainder of 1946. In January, 1947, petitioner was in Mason City on his *277 regular vacation period during which time he worked two weeks on his permanent job as signal maintainer due to the illness of the temporary signal maintainer. After his vacation petitioner returned to Milwaukee. In August, 1947, Railroad loaned petitioner to the Duluth, Missabe and Iron Range Railway Company, hereinafter referred to as Railway, to assist the latter in setting up its signal system. Petitioner lived in Duluth while working under this loan arrangement between Railroad and Railway. Petitioner's salary during this period was paid by Railway. In December, 1947, Railway offered petitioner a permanent job which was better than anything he could hope to get from Railroad. Petitioner accepted the offer, moved his family from Mason City to Duluth, and became a permanent employee of Railway on and after January 1, 1948. During the time that he worked in Milwaukee and Duluth, petitioner maintained a home for his family in Mason City. He paid his own room and board while away from Mason City. From time to time during the taxable years he returned to Mason City to be with his family. He attempted to find a suitable home for his family in Milwaukee in order to save the expense *278 of maintaining two residences, but was unable to do so. For the taxable years petitioner estimated his expenditures for meals and lodging in the following amounts: Meals
Lodging
1946
$728.00
$364.00
1947
805.00
364.00 Petitioner received no expense money in addition to his salary while on the Milwaukee job. The office of the superintendent of telegraph and signals for Railroad was in Milwaukee. Petitioner filed his time sheets in the superintendent's office during the period he worked in Milwaukee. His pay checks from Railroad were distributed out of the superintendent's office. Petitioner had no written contract of employment with Railroad. His post of duty with Railroad for the period January, 1946, to August, 1947, was in Milwaukee, and his post of duty with Railway for the period after August, 1947, was in Duluth. His assignments in Milwaukee and Duluth were for indeterminate periods. In his income tax returns for the taxable years, petitioner deducted his estimated expenditures for meals and lodging, as above set forth, together with his estimated expenditures for laundry, railroad fare, pullman fare, moving expenses from Iowa to Duluth, etc. In *279 determining the deficiencies, respondent disallowed all such deductions and gave petitioner the benefit of the standard deduction of 10 per cent of gross income. Opinion RICE, Judge: Congress specifically provided in section 23 (a) (1) (A) of the Internal Revenue Code for the deduction, as trade or business expenses, of "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *." With equal clarity Congress provided in section 24 (a) (1) of the Code that in computing net income no deduction shall in any case be allowed for personal, living or family expenses. In this case petitioner seeks to deduct as traveling expenses his estimated expenditures for meals and lodging while away from home in the pursuit of his trade or business. The Supreme Court of the United States stated in Commissioner v. Flowers, 326 U.S. 465 (1946), that a taxpayer must satisfy three conditions before he can deduct traveling expenses under section 23 (a) (1) (A), namely: "(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This *280 includes such items as transportation fares and food and lodging expenses incurred while traveling. "(2) The expense must be incurred 'while away from home.' "(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade." Respondent's determination must be approved. The estimated expenditures are personal or living expenses, unless petitioner can qualify under the conditions prescribed in the Flower case, supra. This he cannot do for there is no direct connection between his expenditures for food and lodging and the carrying on of his employer's trade or business. Such expenditures were neither necessary nor appropriate to the development and pursuit of Railroad's or Railway's trade or business. Petitioner's inability to find suitable living quarters for his family at his place of employment does not change the character of the expenditures. Willard S. Jones, 13 T.C. 880 (1949); Flowers case, supra. *281 In our opinion the expenditures represented petitioner's personal or living expenses; and since the Code prohibits such deductions, section 24 (a) (1), we affirm respondent's determination. Beatrice H. Albert, 13 T.C. 129 (1949) and cases cited. Decision will be entered for the respondent.