John W. Ground and Charlotte Ground v. Commissioner.
John W. Ground v. Commissioner
Docket No. 31717.
United States Tax Court
1952 Tax Ct. Memo LEXIS 219; 11 T.C.M. (CCH) 484; T.C.M. (RIA) 52144; May 15, 1952
Harry F. Russell, Esq., 205 City Nat'l Bk. Bldg., Hastings, Neb., for the petitioners. William B. Springer, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: This proceeding involves deficiencies in income tax for the years 1947 and 1948 in the amounts of $186.71 and $379.24, respectively. An increased deficiency for 1947 claimed by respondent in an amended answer has been abandoned. The only issue is whether petitioner, John W. Ground, is entitled to claimed deductions in the taxable years for meals, lodging, laundry, and tools "while away from home". Other adjustments involving claimed exemptions for 1948 are not contested by petitioners. Findings of Fact Petitioners are husband and *220 wife and reside at Hastings, Nebraska. They filed their joint income tax returns for the years 1947 and 1948 with the collector of internal revenue for the district of Nebraska. Petitioner, John W. Ground, hereinafter referred to as the petitioner, has maintained a residence in Hastings since 1935 or 1936. Since the later year he has been a carpenter, usually selling his services, but contracting occasionally for odd jobs. He did no contracting during the years in issue. Maxon Construction Company, hereinafter called Maxon, had its principal office in Dayton, Ohio, in 1947 and 1948. In 1942 Maxon had been engaged in the construction of a naval ammunition depot at Hastings and had employed petitioner during that year on the project as a carpenter. During 1943 and 1944 petitioner performed small jobs as a carpenter for another contractor in Hastings. During 1945 and part of 1946 Maxon did additional work at the naval depot in Hastings and again employed petitioner. This employment terminated about September 1946. When Maxon left Hastings in 1946 after completion of the naval depot it invited petitioner to go to Miamisburg, Ohio, as a carpenter since Maxon was going to construct *221 an atomic energy research plant there. Miamisburg is about 800 miles distant from Hastings, and about 15 miles from Dayton, Ohio. Petitioner did not immediately go to Miamisburg, but worked during the remainder of 1946 and until January 1947 for a local construction company in Hastings and engaged in a few small jobs on his own. In February 1947 petitioner went to Miamisburg and began working for Maxon as a carpenter on the atomic energy research plant. He continued his employment with Maxon from February 1947 until December 21, 1948. During that time petitioner had no business of his own. He was paid an hourly wage, worked eight hours a day, and received a weekly paycheck. Petitioner's wife lived in Hastings during 1947 and 1948, except for four or five weeks during 1948 when she went to Miamisburg to stay with petitioner. During those years petitioner visited in Hastings on one or two occasions for short periods of time. In addition to his wife, petitioner's family consisted of a son and two daughters. Petitioner's wife was not employed and the two girls lived with her at the family residence. Their son lived there too until he was married in 1948. While in Miamisburg petitioner *222 lived in a room in a private home most of the time and part of the time in a trailer camp. He purchased his meals in restaurants where the prices were moderate. He furnished his own tools. Maxon did not pay any of petitioner's traveling expenses between Hastings and Miamisburg. There was no understanding that Maxon would pay any of petitioner's living expenses in Miamisburg and it did not do so. Maxon did not require petitioner to do any traveling while he was in Miamisburg. During 1947 petitioner paid $300 for room rent, $750 for meals, and $43 for laundry. During 1948 petitioner paid $355 for room rent, $877.50 for meals, and $51 for laundry. These expenditures were made while petitioner was at Miamisburg, Ohio. Opinion Petitioner thus puts his argument: "* * * His employment as carpenter was not temporary, but definite and applicable to the time required for completion of carpenter work on the several projects upon which he was employed. The expenses were necessary, reasonable and appropriate to his occupation. He owned and maintained his family home at Hastings, Nebraska and the definite posts of temporary employment were in cities other than those of his home residence. *223 "The expenses were normal and usual to the type of occupation engaged in; they were required in the conduct of and in connection with the business in which the taxpayer was engaged; they were incurred while he was away from home. The law contemplates and permits the deduction of such expenses." We think petitioner has reached an erroneous conclusion. Ordinarily, expenses for items such as meals, laundry, and lodging would be "personal, living, or family expenses" and hence nondeductible under section 24 (a) (1) of the Internal Revenue Code. They would become deductible only if property brought within the classification of "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business" provided for in section 23 (a) (1) (A). Petitioner's contention apparently is that his employment as Miamisburg was "temporary" and "away from home" and that this put him in travel status and expenses that would otherwise be nondeductible thus became deductible. This argument misses the primary tests set up in Commissioner v. Flowers, 326 U.S. 465. To be deductible the expenses not *224 only must be incurred in traveling for business purposes, but also must have a direct connection with carrying on the business of petitioner's employer. Here, petitioner had no business of his own - he was an employee of Maxon. Maxon did not require him to travel to Miamisburg on its business. In his own words, "they gave me an invitation" when they left Hastings and he accepted that invitation to go to work for them in 1947. As a result of accepting the "invitation" petitioner traveled from Hastings to Miamisburg, entered again the employ of Maxon, and stayed in Miamisburg almost all of 1947 and 1948. This move was made for personal reasons. The expenses sought to be deducted were incurred during the time petitioner stayed in Miamisburg. They were of no different a character than such expenses would have been had petitioner stayed in Hastings. We can reach no other conclusion but that the cost of his food, lodging, and laundry were personal expenses of petitioner and that they had no connection whatsoever with Maxon's construction business. Petitioner had no right to deduct them and respondent's action in disallowing these deductions is sustained. Henry C. Warren, 13 T.C. 205; *225 Willard S. Jones, 13 T.C. 880. As far as the small amounts claimed to be deductible as expenses for tools are concerned, we find the proof to be insufficient to make findings thereon. We do not decide whether the amounts claimed, if proven, would be deductible. Accordingly, respondent's disallowance is approved. Decision will be entered for the respondent.