Robert Stahlin and wife Grace C. Stahlin v. Commissioner.
Stahlin v. Commissioner
Docket No. 33527.
United States Tax Court
1952 Tax Ct. Memo LEXIS 72; 11 T.C.M. (CCH) 996; T.C.M. (RIA) 52292; October 3, 1952
*72 The petitioners filed their joint income tax return for 1948 on short Form 1040 and computed their tax under Section 400, Supplement T, of the Internal Revenue Code. They claimed deductions for union dues and technical data on page 1 of the return. In 1951, subsequent to the disallowance of the claimed deductions, they filed a purported amended return. Held, the petitioners' election to report their income under section 400, Supplement T, is irrevocable and the petitioners are not entitled to any page 1 deductions on the short Form 1040 because the income reported was earned as an employee. Robert Stahlin, pro se. Scott A. Dahlquist, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion The respondent by statutory notice determined a deficiency in income tax of the petitioners for the taxable year 1948 in the amount of $45. The single issue here in dispute arises from the disallowance by the respondent of certain deductions totaling $295, claimed by the petitioners on page 1 of their short Form 1040 income tax return for the taxable year 1948, on which they had elected to compute their tax liability under section 400, Supplement T, of *73 the Internal Revenue Code. Findings of Fact The petitioners filed their joint return for the taxable year 1948 with the collector of internal revenue for the fifth district of New Jersey. During 1948 Robert Stahlin was an employee of Andora Amusement Corporation of Plainfield, New Jersey, employed as a moving picture projectionist. For his services he was paid on a straight salary basis. The total income reported by the petitioners in their 1948 income tax return was earned by Robert Stahlin as an employee. The petitioners filed their joint income tax return for the taxable year 1948 on Form 1040, detaching pages 3 and 4 thereof. The petitioners claimed on page 1 of the return deductions in the amount of $295. Of this sum, $270 represented dues and assessments paid to Local 485 of the International Alliance Theatrical Stage Employees and $25 expended for tools and technical data. The petitioners computed their tax under section 400, Supplement T, of the Internal Revenue Code. A notice of deficiency was mailed by the respondent to the petitioners on January 12, 1951, in which the deficiency herein was determined. Upon receipt of the notice of deficiency the petitioners transmitted *74 to the collector a purported amended joint return in which fully itemized deductions were claimed on page 3 of the return, including the amount claimed on page 1 of the original return for the payment of dues, tools and technical data set out above, and were advised on February 26, 1951, that the amended return could not be accepted and was accordingly rejected. Opinion HILL, Judge: Filing a return in the manner adopted by the petitioners constitutes an election to report one's income under section 400 of the Internal Revenue Code. Since the petitioners did not seek to amend their original return before March 15, 1949, their election is irrevocable. I.T. 3775, C.B. 1946-1, page 76. In Raymond E. and Lucile D. Kershner, 14 T.C. 168, this Court held, on facts almost identical with those here, an election to file under section 400 to be irrevocable, saying: "Since the petitioners elected to be taxed for 1945 under section 400 of the Code, their election is irrevocable. Sec. 23 (aa) (3) (C), I.R.C. Cf. Henry C. Warren, 13 T.C. 205. Accordingly they are limited as to deductions to the standard deduction to which section 400 gives *75 effect and those items which under section 22 (n) are to be subtracted from gross income in computing adjusted gross income. Under section 22 (n) (1) no allowance can be made for the expenses here claimed, since the services rendered by petitioner were rendered in the capacity of an employee, and, further, there is no showing of any "reimbursement or other expense allowance arrangement" to which section 22 (n) (3) would apply. * * *" It appears in the light of the above, which is wholly appropriate to the facts before us, that the petitioners are not entitled to any page 1 deductions for adjusted gross income pursuant to the provisions of section 22 (n) of the Internal Revenue Code. Decision will be entered for the respondent.