John J. Morley v. Commissioner.
Morley v. Commissioner
Docket No. 48429.
United States Tax Court
T.C. Memo 1954-205; 1954 Tax Ct. Memo LEXIS 34; 13 T.C.M. (CCH) 1075; T.C.M. (RIA) 54311; November 30, 1954, Filed *34 The petitioner, a steamfitter, resided in the Bronx, New York City. His union local informed him that work was available in Schenectady, New York, and he traveled to Schenectady and obtained employment during December 1948. He was not advised of the duration of his employment in Schenectady, and he worked there until February 1950. Held, the petitioner's regular place of employment during 1949 was in Schenectady, and amounts paid by him for food and lodging in Schenectady in 1949 were personal expenses, under the provisions of section 24(a)(1) of the Internal Revenue Code of 1939, and were not deductible as traveling expenses paid "while away from home in the pursuit of a trade or business" under the provisions of section 23(a)(1)(A) of the Code. *35 John J. Morley, pro se. John J. Quinn, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined a deficiency in income tax for 1949 in the amount of $318.26. The only question to be decided is whether respondent properly disallowed a deduction of $1,682 which the petitioner claimed in 1949 as traveling expenses paid while away from home in the pursuit of his trade. The respondent does not contest the amount of the deduction claimed by the petitioner, but maintains that the expenditures constituted nondeductible personal expenses under the provisions of section 24(a)(1) of the Internal Revenue Code of 1939. Findings of Fact The petitioner is a resident of New York City. He filed his return for 1949 with the collector for the 14th district of New York. The petitioner is a steamfitter and has belonged to a steamfitter's union for 12 years. During the taxable year he was a member of Plumbers and Steamfitters Local 543, Yonkers, New York. During the taxable year and for several years prior thereto, the petitioner and his brother jointly owned a house in the Bronx. The petitioner lived in this house with *36 his brother and sister-in-law, kept his personal belongings there, and paid a portion of the cost of maintaining the house. In the latter part of 1948, the petitioner returned to the Bronx after working for A. J. Eckert & Company of Albany, New York, at a General Electric Company turbine project in Schenectady, New York. During December 1948, he was informed by the business agent of the Yonkers local that work was available for steamfitters in Schenectady. He traveled to Schenectady, where the business agent of the Schenectady local referred him to a project constructed for the United States Government, for which the Raisler Corporation of New York City was the general piping contractor. The petitioner was employed by the Raisler Corporation in the middle of December 1948. He was not informed of the duration of his employment at any time. Although he came to the conclusion that he would be working on the project for about six months, his employment continued throughout 1949, the taxable year, until February 1950. During the taxable year, he rented a room in Schenectady and ate his meals in restaurants, at a total cost of $1,682. He deducted this amount in his return for 1949. The *37 respondent disallowed the deduction. Opinion The single question to be decided is whether the cost of the petitioner's food and lodging at Schenectady, New York, may be deducted as traveling expenses paid "while away from home in the pursuit of a trade or business" under the provisions of section 23(a)(1)(A) of the Internal Revenue Code of 1939. We have repeatedly held that the taxpayer's "home", as that word is used in section 23(a)(1)(A) of the Code, refers to the taxpayer's regular place of employment or post of duty, and that expenses incurred by an employee for food and lodging at his regular place of employment constitute personal expenses which are not deductible under the provisions of section 24(a)(1) of the Code. Henry C. Warren, 13 T.C. 205; Beatrice H. Albert, 13 T.C. 129; Virginia Ruiz Carranza (Zuri), 11 T.C. 224; Michael J. Carroll, 20 T.C. 382. These decisions are controlling. The question must be decided for the respondent. The petitioner relies on Harry F. Schurer, 3 T.C. 544. In that case, deductions for food and lodging were allowed to a taxpayer who, during the taxable year, accepted temporary *38 employment at Indiantown Gap, Pennsylvania, for 4 weeks; at Aberdeen, Maryland, for 9 weeks; and at Morgantown, West Virginia, for 33 weeks. The taxpayer was a resident of Pittsburgh, Pennsylvania, and, prior to the year in question, had always carried on his plumbing trade in Pittsburgh. Because of the temporary nature of each of these employments, the taxpayer was not considered to have had a regular place of employment during the taxable year which could be considered as his "home" within the meaning of section 23(a)(1)(A) of the Code. The same result was reached in E. G. Leach, 12 T.C. 20, where the taxpayer's trade required him to be at various construction sites remote from his residence for short periods ranging from a few weeks to several months. However, the facts in this case are substantially different. The petitioner began his employment in Schenectady with the Raisler Corporation in December 1948. Nothing was said or suggested to him by officials of the Raisler Corporation to indicate that his employment was to be of short duration. He worked at the Schenectady project throughout the taxable year and until February 1950. Although his employment may not have *39 been permanent, it was "indefinite in duration rather than obviously temporary, in that it was not the sort of employment in which termination within a short period could be foreseen, as was the situation in Harry F. Schurer, supra, and E. G. Leach, supra." Beatrice H. Albert, supra, at p. 131. See, also, Allan Cunningham, 22 T.C. - (July 15, 1954). We conclude from the evidence that the petitioner's regular place of employment during 1949 was in Schenectady, and that his expenses for food and lodging were not incurred "while away from home in the pursuit of a trade or business." Henry C. Warren, supra; Beatrice H. Albert, supra.
Decision will be entered for the respondent.