ROBERT V. AND JENNIE J. JOHNSTON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48254. Filed October 26, 1955.

*Robert V. Johnston, pro se.*
*William H. Welch, Esq.,* for the respondent.

### OPINION.

VAN FOSSAN, *Judge:* Respondent determined a deficiency of $141.90 and a negligence penalty of $7.10 in petitioner's income tax for the taxable year 1949. The facts, with an insignificant exception, were stipulated substantially as follows:

During the year 1949, the petitioner, Robert V. Johnston, was employed by the Phillips Petroleum Company with offices at 2185 Broadway, Denver, Colorado. He was a salesman of products used

by aviation companies. His wife, Jennie J. Johnston, had no separate income.

Petitioners filed a joint income tax return for the year 1949. Petitioners elected to take the standard deduction. Petitioners' return does not disclose any entry for either gambling wins or losses.

Petitioners are nonprofessional gamblers. They attended the dog races at Mile High Kennel Club, Denver, Colorado, on many occasions during 1949. On each occasion they placed bets on the races. On September 2, 1949, Mr. Johnston won the sum of $950. That amount was paid him by check number 739, dated September 2, 1949, and issued by the Mile High Kennel Club. This check was deposited to petitioners' joint checking account at the First National Bank, Denver, Colorado, on September 6, 1949.

Betting transactions at the Mile High Kennel Club are conducted in cash, i. e. the bettor pays cash for bets made at the race track at a race, and if he wins he is paid by the Mile High Kennel Club in cash. There are no receipts for expenditures for betting other than the betting tickets purchased.

Petitioners kept records of their gambling wins and losses at the dog track on the backs of the daily programs. These programs were destroyed some time during 1951, and there are no records of wins and losses for the year 1949.

For purposes of this hearing, respondent concedes that during the year 1949 petitioner, Robert V. Johnston, incurred gambling losses to the extent of his gambling winnings including the wins represented by the check for $950 referred to above.

In the event that this Court determines that (1) petitioners sustained gambling losses and (2) that the gambling losses are deductible only in lieu of the optional standard deduction and (3) that the petitioners may now elect to itemize their actual deductions, petitioners and respondent agree that the following are the actual deductions for this purpose other than any gambling losses sustained:

| | |
|---|---|
| Contributions | $40.50 |
| Interest | 40.00 |
| Taxes | 121.25 |
| Medical expenses (before deducting 5% of adjusted gross income) | 438.65 |

In this case we have complete agreement as to the facts. Petitioner had gambling winnings of $950 for the taxable year 1949. He had gambling losses in at least the same amount for the same period. Petitioner did not report his winnings nor did he claim deduction of his gambling losses. He elected to take the standard deduction. Respondent on audit added the gambling gain of $950 to petitioner's gross income, but since petitioner elected "irrevocably" (section 23

(aa) (3) (C))[1] to take the standard deduction, respondent held and here contends that petitioner may not now revoke his action as elected and itemize his deductions so as to claim the gambling losses. Nor may he deduct the gambling losses from the gambling gains as ordinary and necessary expenses of earning income.

All essential facts being admitted, the ultimate question may be simply stated, may petitioner now revoke his election and claim specific deductions of his gambling losses? Petitioner, on brief, admits that section 23 (aa) (3) (C) "appears to substantiate respondent's position in respect to the irrevocability of petitioner's election to take standard deduction for the year 1949." He argues, however, that this section was amended by section 308 (a), (b), and (c) of the Revenue Act of 1951, to permit change of election in situations arising after December 31, 1949, and that simple justice requires that this principle be applied in this case on the ground that "if respondent may change income tax returns to his advantage, then petitioner may have an equal privilege."

We agree with respondent that the election being, by statute, made expressly irrevocable, petitioner may not now revoke the same. We believe that section 308 of the Revenue Act of 1951, rather than supporting petitioner's claim for equitable consideration, corroborates the holding of the respondent that the election is in fact and in law irrevocable.

Tax cases must be decided on legal principles and not the fortuitous incidence of the tax in any given situation. Nor does the fact that respondent may add various items to gross income necessarily carry with it, as a corollary, a right by the taxpayer to make a new accounting and to take additional or omitted deductions. The statute requires reporting of all gains from gambling, not merely the excess of winnings over losses. If gambling losses are claimed, they must be itemized as deductions under section 23 (h). Had petitioner so elected, he could have returned all his earnings and taken specific deductions for his losses. This respondent concedes. As indicated above, respondent contends, however, that having made his election to take the standard deduction, the taxpayer may not now revoke his election and itemize his deductions. We agree. *Henry C. Warren*, 13 T. C. 205. See also *Estate of Lewis B. Meyer*, 15 T. C. 850, at

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
  In computing net income there shall be allowed as deductions:

  *    *    *    *    *    *    *

  (aa) OPTIONAL STANDARD DEDUCTIONS FOR INDIVIDUALS.—

  *    *    *    *    *    *    *

  (3) METHOD AND EFFECT OF ELECTION.—

  *    *    *    *    *    *    *

  (C) If the taxpayer does not signify, in the manner provided by subparagraph (A) or (B), his election to take the standard deduction, it shall not be allowed. If he does so signify, such election shall be irrevocable.

865 *et seq.*, wherein the subject of the irrevocability of election once made is fully considered. Deductions are a matter of legislative grace and do not exist as a natural right.

As to the penalty of 5 per cent determined by respondent, we believe that the deficiency was due to petitioner's negligence or intentional disregard of rules and regulations (but without intent to defraud). The facts do not establish the contrary. The addition to the tax of 5 per cent of the amount of the deficiency is accordingly approved.

*Decision will be entered for the respondent.*