Max Hixon and Margaret Hixon v. Commissioner.
Hixon v. Commissioner
Docket No. 51392.
United States Tax Court
T.C. Memo 1956-106; 1956 Tax Ct. Memo LEXIS 196; 15 T.C.M. (CCH) 532; T.C.M. (RIA) 56106; April 30, 1956
*196 1. Income. - Petitioner, Max Hixon, received gambling winnings which he failed to report in income on his return. For failure of proof the amount of the winnings determined by the respondent is sustained. 2. Election to take standard deduction. - Held, that having elected to take the standard deduction in lieu of itemized deductions, petitioner may not revoke the election and claim specific deductions, including gambling losses. Robert V. and Jennie J. Johnston, 25 T.C. 106 (October 26, 1955) followed. Held, further, that petitioner, Max Hixon, was not engaged in a business of gambling; he is not entitled to compute adjusted income from gambling on the basis of gambling losses; also, he failed to prove the amount of his gambling losses. Eugene O. Cobert, Esq., 50 Broad Street, New York, N. Y., for the petitioners. Richard G. Maloney, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined a deficiency in income tax for the year 1948 in the amount of $4,149.24. The petitioners do not contest several of the Commissioner's determinations. The petitioners dispute the Commissioner's inclusion in taxable income of $11,282.74. One question is whether petitioners realized additional income in the above amount from gambling wagers. Another question is whether the petitioners, who elected to take the standard deduction in their joint return, are entitled to deduct alleged gambling losses of the petitioner, Max Hixon. *198 Findings of Fact The petitioners are residents of New York City. The petitioners filed a joint return for 1948 with the collector for the third district of New York. Since the issue presented involves only the petitioner, Max Hixon, he is referred to hereinafter as the petitioner. During the taxable year 1948 and for many years prior thereto, Max Hixon operated a sole proprietorship printing business under the name Real Press in New York City. Also, during 1948, Hixon was a 50 per cent partner in a business operated under the name of Vocalon Institute in New York City. In the operation of the Real Press business, petitioner maintained a double entry set of books which were kept on an accrual method of accounting. A cash receipts and disbursements book was maintained. In the cash book, an account was maintained entitled "Max Hixon." A drawing account also was maintained for Hixon in the accounting books of Real Press. The cash receipts and disbursements book reflected the cash receipts and disbursements of the drawing account which were posted monthly from the cash book to the drawing account by Hixon's bookkeeper. From time to time Hixon gave funds or checks to his bookkeeper *199 and these were credited to his drawing account. His withdrawals were debited to the account. During the taxable year 1948, the petitioner gambled occasionally on horse races, basketball games, and fights. During the taxable year, the petitioner had winnings from gambling and received payment therefor in the form of cash, checks, or both. In most instances when petitioner won a bet, he would turn the winnings over to his bookkeeper, who would then deposit the amount into the bank account of Real Press and at the same time credit petitioner's account in the cash book. At the end of the month petitioner's accountant came in, checked the bank statement against the cash book, and then posted the totals to petitioner's drawing account.the monthly credits to petitioner's drawing account, representing cash deposits made by the petitioner in the bank account of Real Press, totaled $11,282.74 during 1948. Throughout 1948, the petitioner withdrew sums from the bank account of Real Press and, on such occasions, the bookkeeper debited his account in the cash book. At the end of each month, the accountant posted the totals to petitioner's drawing account. The withdrawals made by the petitioner *200 from Real Press represented by cash debits to his drawing account, totaled $29,541.77 during 1948 and were expended for personal living expenses and in payment of gambling debts in unknown amounts. The petitioner did not report any of his gambling gains or losses on the joint return filed for 1948. On the return, the petitioner reported his gross profit from his printing business, Real Press, and deducted therefrom various expenses attributable to such business in arriving at petitioner's combined "Adjusted Gross Income." In computing "Net Income" for 1948, the petitioner elected to take the standard deduction. The petitioner, Max Hixon, in placing bets during the taxable year 1948, won wagers from time to time which totaled $11,282.74 for the year which he failed to include in gross income on the joint income tax return. During the taxable year 1948, Max Hixon was not engaged in a business of gambling or betting. Such facts as have been stipulated which are not set forth above are found as stipulated. Opinion The petitioner admits that during 1948 he received winnings on gambling wagers but he takes the position that he is unable to establish the gross amount thereof. *201 He admits further that no amount of gambling winnings was reported in income in the 1948 return. Petitioner's counsel stated at the trial that the petitioner accepts, "arguendo," the respondent's determination that the gross amount of his gambling winnings in 1948 amounted to $11,282.74. Starting from that point, petitioner's first argument is that he was engaged in a business of gambling during 1948, that his "expenses" of carrying on the business amounted to the alleged sum of $11,608.45, his losses, and that, therefore, he had no "adjusted gross income" from a gambling business under section 22(n), 1939 Code. The respondent contends that petitioner is not entitled to deduction for any of his alleged gambling losses because he has not proved the amount thereof, and even if the amount of losses was established, the petitioner now cannot itemize his deductions in computing net income because he made an irrevocable election in his return for 1948 to take the standard deduction to which section 23(aa)(3), 1939 Code, applies. Respondent cites Regulations 111, sec. 29.23(aa)-1 (b)(1). Petitioner contends that his election for 1948 to take the standard deduction is not irrevocable. *202 The petitioner has failed to prove that he did not realize additional unreported income from gambling wagers in 1948 in the amount of $11,282.74. He had the burden of overcoming the prima facie correctness of the Commissioner's determination, , and he failed in his burden of proof. This determination of the Commissioner is sustained. Petitioner has failed to establish that he was engaged in a business of gambling during 1948. The record shows that petitioner gambled "occasionally", that he failed to keep records of his gambling wins and losses, as required by section 41, and that his own accountant was not aware of his carrying on any business other than Real Press and Vocalon Institute. On the entire record we find that petitioner was not engaged in a gambling business in 1948. The remaining question is whether petitioner, not being in a business of gambling in the taxable year, is entitled to deduct alleged gambling losses. Under section 23(h), a taxpayer is allowed to deduct losses from wagering transactions only to the extent of the gains from such transactions. The petitioner is not entitled to any deduction for gambling losses. *203 One reason is that he has failed to prove the amount of the alleged losses. The evidence with respect to the amount of losses may be summarized as follows: Petitioner presented a series of 57 checks drawn on the bank account of Real Press. Some of the checks were made out to unidentified, named payees but most were made payable to "Cash", and most of the checks made out to "Cash" were endorsed by unknown individuals. The petitioner failed to specifically identify the nature of each of the checks, and he also used the bank account maintained in the name of Real Press to pay for his personal living expenses. The petitioner's proof falls far short of sustaining his burden with respect to the claimed deductions. The second reason is that petitioner elected, for 1948, to take the standard deduction provided in section 23(aa). It is provided in section 23(aa)(2) that the standard deduction shall be in lieu of "all deductions other than those which are to be subtracted from gross income in computing adjusted gross income." It has been concluded above that petitioner is not entitled to deduct alleged gambling losses from his determined gambling gains under section 22(n). It follows that *204 he does not come within the exception in section 23(aa)(2). Petitioner is precluded from revoking his election for 1948 and itemizing the deductions allowed under section 23 in computing his net income. (October 26, 1955). This Court held in the Johnston case that the election is by statute expressly irrevocable. The issue here is controlled by the Johnston case. Decision will be entered for respondent.