BOWEN C. CARTER, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carter v. Commissioner
Docket No. 1639-74.
United States Tax Court
T.C. Memo 1976-23; 1976 Tax Ct. Memo LEXIS 377; 35 T.C.M. (CCH) 83; T.C.M. (RIA) 760023; January 29, 1976, Filed Bowen C. Carter, Jr., pro se. Donald W. Mosser, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to and heard by Special Trial Judge Randolph F. Caldwell, Jr., pursuant to Rules 180 through 182, Tax Court Rules of Practice and Procedure. His report was filed *378 on October 20, 1975, and subsequently both parties filed exceptions to his report. The exceptions have been considered and are rejected. Accordingly, the Court agrees with and adopts the report which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency in petitioner's 1971 income tax in the amount of $166.96. The issue for decision is the correctness of respondent's determination that petitioner's income for that year should be increased by $660.20, the amount of his winnings on a daily double wager. FINDINGS OF FACT Petitioner's legal residence at the time he filed his petition was in Columbus, Ohio. During 1971, petitioner was employed as a security officer by the General Motors Corporation at its plant in Columbus. As a diversion, but not as a business, petitioner frequented race tracks on his days off and during his vacations. During 1971, petitioner cashed a daily double ticket at Beulah Park Race Track, located at Grove City, Ohio, near Columbus. Petitioner also had other winnings during 1971. On the joint return which he and his wife, Sherri Lee Carter, filed for that year, [2] he did not include *379 any gambling winnings in income. He attached to his return a note which reads as follows: Please note on 4-21-1971 I cashed a $2.00 Daily Double ticket at the Beulah Park Jockey Club, Grove City, Ohio for $660.20 (and have misplaced the W-2 form). I am also claiming a loss for the full amt of $660.20 during the year of 1971. 4-9-72, /s/ Bowen C. Carter, Jr. Petitioner and Sherri Lee claimed a standard deduction of $1,500 on their return. Petitioner sustained wagering losses of $1,337 in 1971. In the explanation of his adjustment increasing petitioner's taxable income by $660.20, the respondent stated as follows: It is determined that you received gambling income of at least $660.20 from the Beulah Park Jockey Club during 1971 which is taxable under Section 61. It is further held that you have not substantiated the extent of any gambling losses as required by Section 165(d). Further, you have not established that any allowable gambling losses plus all of your other allowable deductions would *380 exceed the standard deduction of $1,500.00, as claimed on your return under Section 144. Accordingly, your taxable income is increased by $660.20. OPINION Initially, it is clear that petitioner held a winning ticket on the daily double and collected $660.20 during 1971. That amount is includible in his gross income for that year under section 61(a). Winkler v. United States,230 F.2d 766. [3]
The real question in this case is the extent of the gambling losses which petitioner is allowed to deduct. Section 165(d) provides that wagering losses are allowed deduction only to the extent of the gains from wagering. In the present case, petitioner has produced evidence of $1,337 of wagering losses, and it has been found as a fact that he did sustain wagering losses in that amount. It would seem, then, that he would be entitled to a wagering loss deduction of $660.20, the same amount as the gain which he realized and which has been held to be includible in his gross income. But, there's a rub, and it is this: Petitioner *381 claimed the standard deduction. The standard deduction is in lieu of the itemized nonbusiness deductions from adjusted gross income. The wagering loss of a nonprofessional gambler, such as petitioner, would be deductible only as an itemized deduction from adjusted gross income. Compare Robert V. Johnston,25 T.C. 106. And, the standard deduction having been elected, there can be no separate deduction for petitioner's wagering loss. That election is not an irrevocable one, and to that end petitioner was offered an opportunity to amend his petition to claim itemized nonbusiness deductions (in which he could have included wagering losses to the extent of $660.20). Petitioner declined, however, to change his election to take the standard deduction. The result is that, despite petitioner's assertion that because he had more wagering losses than he had wins, this case should nevertheless be decided against him because the wagering losses to the extent of his gains cannot be claimed as a deduction, petitioner having claimed the standard deduction in which all of his nonbusiness deductions have been subsumed. * * * * *
In accordance with the foregoing, Decision *382 will be entered for the respondent. had been warned not to back up without observers. He also said that they had not seen anyone do so. Seemingly, however, the Footnotes
2. The statutory notice of deficiency was addressed to petitioner and Sherri Lee. However the petition filed was captioned in Bowen's name alone and was signed only by him.↩
3. In Stanley Haimowitz,T.C. Memo. 1971-241↩, gambling winnings in excess of $600 were held to constitute taxable income.