T.C. Summary Opinion 2012-123

UNITED STATES TAX COURT

JAMES MICHAEL BURKE AND ELIZABETH ANN BURKE, a.k.a.
ELIZABETH ANN JACOBSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17217-11S.                    Filed December 26, 2012.

James Michael Burke and Elizabeth Ann Burke, a.k.a. Elizabeth Ann

Jacobson, pro sese.

Christina L. Cook, for respondent.

SUMMARY OPINION

SWIFT, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Respondent determined a $4,658 deficiency in petitioners' 2008 Federal income tax.

After settlement by the parties of many disputed claimed expense deductions, the issues remaining for decision are the allowability of claimed away-from-home employee meal and vehicle mileage expense deductions and gambling losses.

Background

Some of the facts have been stipulated and are so found.

During 2008 petitioners lived in Minnesota but James Michael Burke (petitioner) worked as a union electrician at temporary jobsites in Missouri, Pennsylvania, Washington, and Minnesota. Petitioner's records and documentation relating to much of his work-related travel are not complete.

In 2008 petitioner also gambled at casinos in Wisconsin and Washington, and he purchased lottery tickets in Washington, Texas, and Minnesota. Petitioner's records relating to his gambling activity are not complete. A number

---

[1](...continued)
Code applicable for 2008, and all Rule references are to the Tax Court Rules of Practice and Procedure.

of casinos gave to petitioner and submitted to respondent yearend statements reflecting some of petitioner's gambling activity. These statements reflect only the gambling activity for which petitioner used his casino-issued player cards, and do not include gambling activity for which he did not use his player cards.

On their 2008 joint Federal income tax return petitioners reported that petitioner had total gambling winnings for 2008 of $3,750. This $3,750 in gambling winnings was reflected on a Form W-2G, Certain Gambling Winnings, issued by North Quest Casino and represented one slot machine jackpot petitioner won on August 12, 2008. Petitioner's 2008 gambling winnings at other casinos and at North Quest other than the August 12 slot machine jackpot were not reported on petitioners' 2008 Federal income tax return.

On a Schedule A, Itemized Deductions, attached to their 2008 tax return, petitioners reported $24,998 in unreimbursed employee expenses and $3,750 in gambling losses.

On a Form 2106, Employee Business Expenses, attached to their 2008 return, petitioners reported $7,956 for petitioner's meal expenses incurred while working away from home at his various jobsites. Under section 274(n) this amount was reduced on Form 2106 by 50% to $3,978. In computing his claimed meal expense deduction petitioner used the rates set forth in the Federal guidelines

for meal and incidental expenses (M&IE), Rev. Proc. 2008-59, sec. 4.03, 2008-2 C.B. 857, 860.

Also on the Form 2106, petitioners claimed a deduction for $13,612 in unreimbursed business vehicle mileage expenses (using petitioner's estimate of 24,308 business miles driven for his work).

On audit respondent disallowed all $24,998 claimed on petitioners' Schedule A as unreimbursed employee expenses and the $3,750 petitioners claimed as gambling losses. In light of these adjustments, if sustained, it would be more advantageous for petitioners to use the standard deduction; therefore respondent on audit allowed petitioners a $10,900 standard deduction in lieu of the other itemized deductions reflected on petitioners' Schedule A that respondent allowed.

After settlement, there are left for our resolution only disputed expenses claimed by petitioners for away-from-home meal expenses of $4,065, vehicle mileage expenses of $8,692, and gambling losses of $3,589.

## Discussion

Section 162(a) generally allows deductions for ordinary and necessary trade or business expenses. Taxpayers, however, have a responsibility to maintain

adequate records to substantiate the amounts and purpose of claimed deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Under section 274(d) and the regulations thereunder heightened taxpayer substantiation and documentation requirements apply to expenses for business travel away from home, including meal and vehicle mileage expenses. Sec. 1.274-5T(a)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Taxpayers are to maintain records and documentation which are sufficient to establish each element of a claimed away-from-home business travel expense-- amount, time, place, and business purpose. Sec. 1.274-5T(b)(2), Temporary Income Tax Regs., supra. Taxpayers are to maintain account books, diaries, statements of expenses, and other documentation to establish each required element.

On account of petitioner's poor records and documentation relating to the remaining claimed expense deductions at issue, no shift in the burden of proof under section 7491 applies, and petitioners bear the burden of substantiating the disputed meal and vehicle mileage expenses and gambling losses. See Rule 142(a).

Meal Expenses

In lieu of substantiating the cost of every meal, taxpayers may use the Government-provided M&IE rates to estimate unreimbursed meal and incidental expenses for days working away from home on business. Rev. Proc. 2008-59, sec. 4.03. Taxpayers, however, are still required to substantiate the time, place, and business purpose of the away-from-home travel to qualify for the M&IE daily meal expense deduction.

As explained, on their 2008 tax return petitioners reported a total of $7,956 in business-related away-from-home meal expenses. No explanation has been provided as to how that amount was calculated. At trial petitioner introduced into evidence a "summary meal expense sheet" for 2008 which petitioners prepared for trial and which reflects for petitioner a total of 207 days away from home and a total of $8,130 for petitioner's away-from-home meal expenses (using a daily $39 M&IE rate), which reduced by 50% would support an away-from-home meal expense deduction for petitioners of approximately $4,065.

On brief respondent acknowledges that petitioners have submitted sufficient evidence to substantiate the time, place, and business purpose for 74 business-related away-from-home workdays for petitioner in 2008 and total away-from-

home meal expenses of $2,886 (using the daily $39 M&IE rate), or a deduction of $1,443 (after the 50% limitation of section 274(n)).

Petitioners have not submitted credible documentation to substantiate a deduction for business-related away-from-home meal expenses for petitioner for 2008 in excess of the $2,886 which respondent would now allow (before the 50% reduction required by section 274(n)). For example, petitioners' summary meal sheet submitted at trial lists a number of business trips for petitioner to cities a few hours from petitioners' Minnesota home which would not require an overnight stay. Petitioners seek to corroborate the business nature of a winter trip to Texas by providing lottery tickets purchased in Texas. The purchase in Texas in winter of lottery tickets is just as suggestive of a vacation trip as of a business trip.

We sustain respondent's disallowance of claimed meal expenses relating to petitioner's away-from-home business travel in excess of the $1,443 to which respondent now agrees.

Vehicle Mileage Expenses

As stated, taxpayers may deduct as ordinary and necessary business expenses vehicle mileage expenses if they satisfy the substantiation requirements of section 274(d), and petitioners claim 24,308 business miles and a $13,612 deduction for 2008. The calendar petitioners submitted at trial reflected only

sparse travel information and indicated a total of only 13,386 miles. A mileage summary sheet petitioners introduced at trial reflects 15,318 miles.

The brief notations in petitioner's calendar are inadequate and do not indicate a beginning point, location, destination, or business purpose for petitioner's trips. The notations indicate only a figure which petitioners claim is the business miles driven each day and estimated odometer readings. For some of the days on which petitioner claims to have made business trips in 2008, petitioner's calendar does not indicate any mileage. Some of the entries in the calendar contradict entries on petitioners' mileage summary sheet.

Where a taxpayer lists mere mileage and does not have credible contemporaneous records of people and places visited, trip purpose, and business conducted, we may conclude that the substantiation requirements of section 274(d) have not been satisfied, Lysford v. Commissioner, T.C. Memo. 2012-41, as we do in this case.

We sustain respondent's disallowance of the additional $8,692 in vehicle mileage expenses petitioners claimed.

Gambling Losses

Gambling losses incurred by taxpayers engaged in the trade or business of gambling are allowable in computing adjusted gross income under section

62(a)(1). However, gambling losses incurred by a casual gambler such as petitioner are allowable only as itemized deductions in calculating taxable income. See sec. 63(a), (d); Johnston v. Commissioner, 25 T.C. 106, 108 (1955); Shollenberger v. Commissioner, T.C. Memo. 2009-306. Casual gamblers are allowed to deduct losses from gambling as itemized deductions but only to the extent of their gross winnings from gambling. Sec. 165(d); McClanahan v. United States, 292 F.2d 630, 631-632 (5th Cir. 1961).

As we have explained: "To permit a casual gambler to net all wagering gains or losses throughout the year would intrude upon, if not defeat or render superfluous, the careful statutory arrangement that allows deduction of casual gambling losses, if at all, only as itemized deductions, subject to the limitations of section 165(d)." See Shollenberger v. Commissioner, T.C. Memo. 2009-306.

We have held that a worksheet showing partial winnings, a letter from a casino, and oral testimony are not necessarily sufficient to support claimed gambling losses. LaPlante v. Commissioner, T.C. Memo. 2009-226.

Before trial petitioners submitted to respondent additional documentation relating to petitioner's gambling activity. However, that documentation indicates significantly greater gambling income for petitioner than the $3,750 reported on

petitioners' 2008 tax return. Respondent, however, does not seek to increase petitioner's income by the apparent additional unreported gross gambling income.[2]

Without better records and documentation, we disallow the $3,589 in gambling losses petitioners claim in excess of the $161 respondent allowed.

To reflect the foregoing,

Decision will be entered under

Rule 155.[3]

---

[2] A statement from a Wisconsin casino indicates that in 2008 petitioner realized in that casino gross gambling winnings of $38,322 on wagers of $40,457. Neither the gross winnings nor the related wagering expenses were reported by petitioners on their 2008 Federal income tax return.

[3] In the light of the adjustments we sustain, it may be more advantageous for petitioners to be allowed the $10,900 standard deduction, in lieu of Schedule A itemized deductions.